■ Mercedes Lugo, as Administratrix of the Estate of Sergio Lugo, Deceased, et al., Respondents, v City of New York et al., Appellants. — Judgment of the Supreme Court, New York County, entered October 10, 1979, unanimously modified, on the law, to reduce the amount of the award in favor of Mercedes Lugo, as set forth in the first decretal paragraph of the judgment, to the sum of $187,565, and the matter remanded for the purpose of recalculating interest, and otherwise affirmed, without costs. On July 31, 1971, a grocery store located at 2081 Amsterdam Avenue, New York City, was robbed at gunpoint by two men. When the robbers left they were pursued by Sergio Lugo, the store owner, and his brother Tomas, a part-time employee. Albert Robertson, an off-duty policeman then in a nearby bar was attracted by the tumult and shots fired by the robbers. He exited the bar and, mistaking Sergio and Tomas for the robbers, shot both of them. Tomas was dead by the time he arrived at the hospital. Sergio expired about one hour thereafter. In May, 1972, this action was commenced. Thereafter, in October, 1973, plaintiff moved for disclosure and demanded the production of specified records. The motion was granted to the extent only of permitting oral examination by a person having knowledge of the facts. On February 13, 1974 the city produced Officer Robertson. During the examination which followed, Robertson was queried with respect to certain police records, copies of which the city agreed to transmit to plaintiffs. The city failed to transmit the records. As a consequence, plaintiffs moved for discovery of the documents. By order entered November 24, 1974, the city was directed to produce the documents and a witness list. Neither the documents nor the witness list was produced. Five months later, plaintiffs moved to strike the defendants' answer for failure to comply with the order of November 24. By order entered June 28, 1975, the motion was granted conditionally. Defendants were permitted 10 days after service of the order with notice of entry to comply with the order entered November 24, 1974. Still the city failed to comply. In January, 1976 the city moved to vacate its default. In response thereto, plaintiffs agreed to waive the default provided that the city complied with the order of disclosure prior to the determination of the motion. Although approximately three months elapsed between the motion and the decision, neither the documents nor the witness list was forthcoming. Based

on this failure to comply, the motion to vacate was denied. In the interim, plaintiffs noticed the case for trial. In regular order the case came on for trial on May 15, 1980. At the opening of the trial, the city again moved to vacate its default, still without having complied with the direction for disclosure. The trial court denied the motion, holding that the matter would proceed as an inquest with defendants permitted to contest damages, but not liability. We see no abuse of discretion by the Trial Judge in holding as he did. We are aware of the burdens cast upon the city's legal representatives by reason of the financial crisis. However, there is a point at which enough becomes too much. The passage of five and one-half years from the date when the documents were originally ordered produced is that point. There remain two questions for disposition. The first is relatively simple. In fixing the amount of damages to be granted for the death of Sergio, the trial court, acting under the authority of *Ventura v Consolidated Edison Co.* (65 AD2d 352), then the law in this department, granted his widow $50,000 for loss of consortium. The holding in *Ventura* has since been reversed *(Liff v Schildkrout,* 49 NY2d 622) and, as plaintiffs concede, this element of damages must be eliminated. The final question deals with the claimed excessiveness of the verdict. While there are some among us who do not necessarily agree with the specific allocations made by the trial court of the balance of the award in the death action, we are all in agreement that the over-all result reached was proper. Thus, we reduce the total award in the death action to $182,565. We hold, additionally, that the $5,000 award for pain and suffering was appropriate. The reduction of the death action award by $50,000 through the elimination of the recovery for loss of consortium, will necessitate a recalculation of interest. Accordingly, we remand for that purpose. Concur — Birns, J. P., Sandler, Carro, Silverman and Bloom, JJ.