■ JOSEPHINE CHIANESE, Appellant, v WERNER MEIER et al., Respondents. [632 NYS2d 87] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered May 5, 1995, which granted plaintiff's motion for disclosure sanctions only to the extent of directing the deposition of defendant corporation through Mr. Glick, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of precluding Mr. Meier, Mr. Durakovic, and Mr. Ferrugia from testifying at trial, and precluding the individual defendant from denying ownership of, and the corporate defendant from denying control over, the building in question, and otherwise affirmed, with costs to plaintiff-appellant.

Defendants' conduct was obstructive to orderly disclosure, but did not rise to the level that would justify the "ultimate penalty" of striking their answer (*Virola v New York City Hous. Auth.*, 185 AD2d 122, 124). We modify as above indicated to hold defendants to their representations concerning the unavailability of the building's owner, superintendent and property manager at the time of the alleged incident, and to clarify the IAS Court's apparent intention to deem the issue of ownership and control resolved against defendants. Concur— Ellerin, J. P., Wallach, Ross, Asch and Mazzarelli, JJ.