OPINION OF THE COURT
Louis B. York, J.
Plaintiff’s injuries were caused by a slip and fall on an icy pavement caused, plaintiff contends, by a defective design or repair that left depressions in the sidewalk in which water would collect and freeze. After the defendant City failed to respond to plaintiff’s discovery request, plaintiff made a motion to compel discovery in which a so-ordered stipulation required the City to disclose this information as to who had constructed or created the current condition of the sidewalk, hoping to determine whether another entity was responsible for the sidewalk condition. Because of the failure of the City to abide *570 by the terms of the first stipulation the plaintiff moved again, resulting in a second so-ordered stipulation that was ignored again.
Plaintiff then obtained a preliminary conference resulting in a third order to the City to furnish this information which resulted in the unsigned, unsworn, “Response” of an unidentified person who stated: “A search of records for permits, applications cut forms and contracts for the alleged locations 2 years prior to And including January 5, 1995 reveals no records.” Given this response, plaintiff now moves for the serious sanction of either striking the City’s answer and ordering an inquest or precluding the City from claiming or offering any proof that any entity other than defendant City created the defect and resolving the issue against it.
In answer to this motion the City attorney alleges that the preliminary conference order requires the plaintiff to request a compliance conference before making such a motion and also appends a report from the Department of Transportation which shows that repairs were made to this sidewalk in 1991. But no information in the form of contracts, permit requests, cut forms, etc., was produced to show that any other entity performed work on the sidewalk where plaintiff was injured.
While the City relies on the preliminary conference order in attempting to prohibit the plaintiff from bringing this motion, it does not append a copy of the order to its motion papers. Thus, it is not clear that the order completely barred this current motion or merely encouraged it. Moreover, it is abundantly clear that another conference resulting in another disclosure order will merely prolong this situation.
Where there has been such abject failure to adhere to court orders, the First Department has not shirked from sanctioning the City. (Lugo v City of New York, 80 AD2d 819 [1st Dept 1981]; Jackson v City of New York, 185 AD2d 768 [1st Dept].)
In Jackson (supra) the City produced an affidavit similar to the response in this action, combined with repeated failures to disclose which resulted in the issue of notice being decided against the City. In Lugo (supra) the defendant’s pleadings were struck for its failure to disclose. In Chianese v Meier (220 AD2d 264 [1st Dept 1995]) the Court resolved the issue of ownership and control against the defendant for failure to disclose.
The above City cases were decided in the context of the disobedience of a conditional order. However, a conditional order *571 would not be useful in this action. Plaintiffs object was to ascertain who might be liable besides the City or instead of the City. Because of the delay in discovery, plaintiff would not be able to join such other entity(s) to this action because the Statute of Limitations has run.
Since the information sought relates to who created the condition of the sidewalk the most appropriate remedy would be an unconditional order along the lines of Chianese v Meier (supra). The court, therefore, holds that the City created the condition of the sidewalk where the plaintiff fell. It is therefore ordered that the issue of who created the condition of the sidewalk where plaintiff fell is decided against the City and the City is precluded from offering any evidence to the contrary; and it is further ordered that plaintiff is awarded $75 in motion costs.