■ In the Matter of BRIGIDO RAMOS, Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination dated March 30, 1970 which canceled petitioner's off-premises beer license. Determination modified, on the law, by reducing the cancellation of petitioner's license to suspension of 10 days, the commencement date thereof to be determined by respondent, plus a bond claim in the sum of $200. As so modified, determination confirmed, without costs. Upon the facts in the record, it was an abuse of discretion to impose a penalty in excess of that to which the penalty is reduced herein. Christ, P. J., Rabin, Hopkins, Brennan and Benjamin, JJ., concur.

■ In the Matter of BRIGIDO RAMOS, Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Motion by petitioner to stay enforcement of respondent's determination which canceled petitioner's off-premises beer license, pending the proceeding to review said determination. Motion dismissed as academic. The proceeding is decided herewith. Christ, P. J., Rabin, Hopkins, Brennan and Benjamin, JJ., concur.

■ In the Matter of EDWARD E. STEENKEN, Doing Business as ACE LIQUOR SHOP, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to review a determination of respondent, dated December 29, 1969, which suspended petitioner's liquor license for 30 days (minus eight days for " No Contest " plea; and seven days deferred) and made claim upon petitioner's $1,000 bond. Determination modified, on the law, by deleting the provision making claim on the bond. As so modified, determination confirmed, without costs. Under the facts and circumstances disclosed by this record, we find that the making of the claim on the bond, in addition to suspending petitioner's license, constituted an abuse of discretion. Rabin, Acting P. J., Hopkins, Latham, Kleinfeld and Brennan, JJ., concur.

■ LEONARD MARSH, Respondent, v. ARTHUR H. LEE & SONS, INC., Defendant, and RICHARD WHEELRIGHT, Appellant.— In a negligence action to recover damages for personal injuries, the appeal, as limited by appellant's brief, is from so much of an order of the Supreme Court, Queens County, dated December 16, 1969, as, on reargument, adhered to the original decision striking out appellant's answer to the complaint because of appellant's failure to execute a transcript of its examination before trial, etc. Order reversed insofar as appealed from and respondent's motion to strike out appellant's answer denied, on condition that appellant pay respondent $10 costs and disbursements of this appeal, which are hereby awarded, within 10 days after service of a copy of the order hereon with notice of entry. In our opinion, it was an improvident exercise of discretion to strike appellant's answer, since the requested material was furnished prior to the hearing of the motion. Rabin, Acting P. J., Hopkins, Martuscello, Latham and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS BLACK, Appellant.— Order of the Supreme Court, Kings County, dated November 19, 1968 (made after a hearing), and order of the same court dated March 10, 1969 (made without a hearing) affirmed. Defendant's applications were referred to by the Criminal Term as motions for resentence. Orders denying such motions would not be appealable. We have, however, considered defendant's applications as in the nature of a writ of error coram nobis and are of the opinion that they are without merit (see People v. Jackson, 25 A D 2d 783; People v. Jarrells, 31 A D 2d 944). Christ, P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.