■ CATHY RUBIN, Appellant, v PAN AMERICAN WORLD AIR-WAYS, INC., Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals (1) as limited by her brief, from so much of an order of the Supreme Court, West-chester County (Ingrassia, J.), dated January 22, 1985, as, upon renewal, denied her motion to vacate a prior order of the same court, dated July 26, 1984, which directed that the complaint would be stricken unless the plaintiff complied with all of the defendant's outstanding demands for discovery within 45 days, and a prior order of the same court, dated October 1, 1984, which dismissed the complaint; (2) from an order of the same court, dated March 25, 1985, which denied her motion to vacate the order dated January 22, 1985; and (3) from an order of the same court, dated August 21, 1986, which denied her motion to renew the two prior motions.

Ordered that the order dated August 21, 1986, is reversed, on the law, without costs or disbursements, the motion to renew is granted, and, upon renewal, the orders dated July 26, 1984, October 1, 1984, January 22, 1985, and March 25, 1985, respectively, are vacated and the complaint is reinstated, on condition that the plaintiff's current law firm pay the defen-dant $250 within 30 days after service upon it of a copy of this decision and order, with notice of entry, and the appeals from the orders dated January 22, 1985 and March 25, 1985, are dismissed, without costs or disbursements, as academic, in light of our determination on the appeal from the order dated August 21, 1986; and it is further,

Ordered that in the event that condition is not complied with, the order dated January 22, 1985, is affirmed insofar as appealed from, and the orders dated March 25, 1985, and August 21, 1986, respectively, are affirmed, with one bill of costs.

In view of the public policy favoring the resolution of actions, wherever possible, on the merits, litigants who have not replied expeditiously to notices for discovery and inspec-tion are afforded reasonable latitude before imposition of the harshest available sanction, the dismissal of a complaint *(Bassett v Bando Sangsa Co.,* 103 AD2d 728). That extreme sanction is generally warranted only where there has been a showing that the failure to comply with a disclosure order was willful, contumacious or due to bad faith *(see, Sawh v Bridges,* 120 AD2d 74, 78; *Anteri v NRS Constr. Corp.,* 117 AD2d 696, 697; *Delaney v Automated Bread Corp.,* 110 AD2d 677, 678; *Bassett v Bando Sangsa Co., supra).*

While the plaintiff's failure to comply with prior demands for disclosure as well as with the conditional orders of dismissal dated May 30, 1984, and July 26, 1984, should not be condoned, there is no evidence that such failure was willful or contumacious. Rather, the plaintiff's noncompliance was due largely to the incapacity of her former counsel. Under the circumstances, we conclude that the dismissal of the complaint rather than the imposition of monetary sanctions was too harsh.

In view of the delay in taking appropriate ameliorative action and the resulting prejudice to the defendant, we are of the view that the imposition of a $250 sanction against the plaintiff's current counsel is warranted. Mangano, J. P., Bracken, Weinstein and Rubin, JJ., concur.