■ MASTER COLLISION, INC., Respondent, v CONTINENTAL INSURANCE COMPANY et al., Appellants, et al., Defendants.—In an action for a judgment declaring, *inter alia,* that a motor vehicle owned by defendant F.G.L. Drug Corp. and insured by the defendant Continental Insurance Company was operated by an employee of the plaintiff with the knowledge, permission and consent of F.G.L. Drug Corp. at the time that it was involved in a motor vehicle accident on September 20, 1982, and that Continental Insurance Company was obligated to defend and indemnify the plaintiff in connection with the action commenced against it by Joseph and Mary A. Gardner arising out of the motor vehicle accident, the defendants Continental Insurance Company and F.G.L. Drug Corp. appeal from an order of the Supreme Court, Nassau County (Kelly, J.), dated January 6, 1986, which denied their motion to dismiss the complaint and *sua sponte* directed a joint trial of this declaratory judgment action with the action brought by the Gardners.

Ordered that the order is modified, by deleting the provision for a joint trial of this action and the Gardner personal injury action; as so modified, the order is affirmed, without costs or disbursements.

The appellants failed to clearly demonstrate that the plaintiff's delay in complying with their discovery demands was willful and contumacious. Moreover, it does not appear that they have suffered any prejudice as a result of the delay. Consequently, the court properly exercised its discretion in denying the appellants' motion to dismiss the complaint pursuant to CPLR 3126 (3) *(see, Rubin v Pan Am. World Airways,* 128 AD2d 765; *Bassett v Bando Sangsa Co.,* 103 AD2d 728; *Joseph v Roller Castle,* 100 AD2d 839).

The court, however, did err in ordering a joint trial of this matter with the underlying personal injury action. The purpose of this declaratory judgment action is to resolve the issue of whether Continental Insurance Company has a duty to defend Master Collision, Inc., in the personal injury action brought by the Gardners *(see, Colon v Aetna Life & Cas. Ins. Co.,* 66 NY2d 6, 10). Accordingly, this declaratory judgment action should proceed to trial and be determined prior to the trial of the personal injury action.

We have considered the appellants' remaining contention and find it to be without merit. Lawrence, J. P., Weinstein, Rubin and Kooper, JJ., concur.