■ IRENE UNGAR, as Assignee of MELVIN D. UNGAR, et al., Respondents-Appellants, v BARRY D. LESSER et al., Appellants-Respondents.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered on or about June 10, 1988, which struck the answer of defendants-appellants (defendants), unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs and without disbursements, and the answer reinstated, and appeal by defendants and cross appeal by plaintiffs-respondents, Irene Ungar and Melvin Ungar (plaintiffs), from an order of said court entered October 14, 1988, which vacated a default judgment against defendants, and directed an inquest to assess damages, is dismissed as moot, without costs and without disbursements, all on condition that counsel for defendant Barry D. Lesser pay the sum of $500 to plaintiffs, within 10 days of the entry of this order; if said condition, or any portion thereof, is not met, the aforementioned orders are unanimously affirmed, with costs to defendants.

In this action for breach of contract, defendants appeal from an order which struck their answer for willful and contumacious failure to timely comply with an order for discovery, and defendants further appeal from that portion of a second order which, after vacating a default judgment entered against them, directed an inquest on the issue of damages. Plaintiffs cross-appeal the latter order, to the extent that it vacated the default judgment.

Upon examination of the record and consideration of the conduct of counsel for defendant Barry D. Lesser, who represented both defendants during the discovery proceedings at issue, we conclude that a reversal, as conditioned hereinabove, is warranted.

We reach this determination in view of defendants' eventual compliance with the discovery order, which, while tardy, preceded the hearing on the imposition of sanctions. (See, Marsh v Lee & Sons, 34 AD2d 985.) Thus, the record does not reflect the "[e]xtreme conduct * * * required before imposition of the ultimate penalty—striking the answer in this instance". (Dauria v City of New York, 127 AD2d 459, 460.)

In light of the foregoing determination, we decline to address, at this time, the issues raised in plaintiffs' cross appeal, which would be rendered moot upon reinstatement of defendants' answer. Concur—Sullivan, J. P., Asch, Milonas, Kassal and Rosenberger, JJ.