■ LISA VIROLA, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant and Third-Party Plaintiff-Appellant. NEW YORK TELEPHONE COMPANY et al., Third-Party Defendants-Respondents.—Order, Supreme Court, New York County (Leland DeGrasse, J.), entered February 20, 1991, which, *inter alia,* struck defendant's answer and determined liability in favor of plaintiff, is unanimously reversed, on the law, the facts and in the exercise of discretion, the determination of liability in favor of plaintiff vacated and the plaintiff's cross-motion granted to the extent that the defendant is precluded from offering any proof on the issue of notice and the issue of notice is resolved in favor of the plaintiff, without costs.

The order of the same court and Judge, entered July 5, 1991, which denied the defendant's motion for renewal and reargument is deemed to be one for reargument only and is dismissed as nonappealable, without costs.

This is an action growing out of the rape of the plaintiff at the Lexington Houses project on or about November 12, 1986. It is alleged that defendant was negligent, in, *inter alia,* securing the premises.

The crux of this appeal appears to be the failure of the defendant to produce incident reports of criminal occurrences at the project for two years prior to the rape. Allegedly only approximately 24 of 85 incident reports have been produced.

By a stipulation and order of the court dated March 31, 1989 and filed on April 10, 1989, the defendant was ordered "to produce incident reports for 3 buildings related to crimes committed within 2 years committed by non-tenants *[sic]* within the buildings (names of rape victims to be redacted); [defendant] to produce complaints of any security complaints *[sic]* made regarding 1539 Lex. Avenue for 2 yrs prior".

By notice of motion returnable January 23, 1990, plaintiff moved to compel the defendant New York City Housing Authority to comply with a stipulation and to produce incident or complaint reports for the Lexington Houses project for the two years prior to the rape of the plaintiff. By an order entered April 3, 1990, the relief requested was denied. Plaintiff moved to reargue the denial of her motion and said motion to reargue was heard on or about April 30, 1990. By order entered on July 13, 1990, the motion court directed compliance with the court-ordered stipulation to produce said incident reports.

By a notice of motion returnable on or about August 23, 1990, defendant sought to renew and reargue the court's order of July 13, 1990. Plaintiff cross-moved to strike the defendant's answer for failure to comply with discovery. On February 20, 1991 the order appealed from, striking the answer of defendant and imposing liability upon the defendant, was entered.

The 24 incident reports were produced on or about March 12, 1990. They are apparently the only incident reports produced to date.

When it sought renewal of the February 20, 1991 order of the court striking defendant's answer, the defendant, for the first time, indicated that it had produced all of the incident reports available and that the failure to produce more reports was not a willful failure to provide discovery. Specifically, the affidavit of Philip Dinanzio, Supervisor of the Statistics and Records Unit of the defendant, indicated the following: "10. To locate the complaint reports for all of the criminal incidents

at the Lexington Houses in 1984, 1985 and 1986, a member of my staff conducted a manual search through approximately 30,000 one to two-page reports, reviewing each one to determine whether it involved one of the buildings in the Lexington Houses project. A total of twenty-five (25) reports were located during this search. These reports reflect a total of eighteen (18) separate incidents."

The problem with the defendant's response is that the search was not conducted by the person who signed the affidavit and there is no affidavit by someone with knowledge of the facts indicating how, when and where a search was made.

While the conduct of defendant here was unsupportable, we cannot find that it rose to the level that would justify striking the answer, the ultimate penalty *(Ungar v Lesser,* 152 AD2d 510 [1989]; *Dauria v City of New York,* 127 AD2d 459 [1987]). A more appropriate sanction under these circumstances would be preclusion of proof by the defendant on the issue of notice and such sanction is hereby imposed pursuant to CPLR 3126. Concur—Carro, J. P., Milonas, Rosenberger, Ellerin and Smith, JJ.