■ In the Matter of DAVID SEGAL, an Attorney. [602 NYS2d 531] —Motion to extend the effective date of suspension is denied. Concur—Rosenberger, J. P., Ellerin, Ross, Asch and Kassal, JJ.

SECOND DEPARTMENT, AUGUST, 1993

(August 2, 1993)

■ BELINDA ARENA, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants. [601 NYS2d 839] —In an action to recover damages for personal injuries, the defendant City of New York appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated June 6, 1991, which denied its motion to vacate so much of a prior order of the same court, dated January 4, 1991, as granted the plaintiff's motion, *inter alia,* for leave to enter a default judgment against it.

Ordered that the order is reversed, on the facts and as a matter of discretion, with costs, the motion is granted, so much of the order dated January 4, 1991, as granted the plaintiff's motion for leave to enter a default judgment against the appellant is vacated, and the appellant's answer is reinstated.

Since there has been no showing that the City's failure to comply with the court's disclosure order was deliberate, contumacious, or due to bad faith, the court improvidently exercised its discretion in denying the City's motion pursuant to CPLR 5015 to vacate so much of its prior order as granted the plaintiff leave to enter a default judgment against the City *(see,* CPLR 5015 [a] [1]; *Nudelman v New York City Tr. Auth.,* 172 AD2d 503; *Tschernia v Embanque Capital Corp.,* 161 AD2d 585, 586-587; *Rubin v Pan Am. World Airways,* 128 AD2d 765). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.