■ FELICITA SOTO et al., Respondents-Appellants, v CITY OF LONG BEACH, Appellant-Respondent, et al., Defendants. [602 NYS2d 691] —In an action to recover damages for personal injuries, etc., (1) the defendant City of Long Beach appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Kutner, J.), entered April 3, 1991, as (a) denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it, and (b) granted the plaintiffs' cross motion to strike its answer, and (2) the plaintiffs cross-appeal from so much of the same order as conditioned the granting of their cross motion to strike the answer of the defendant City of Long Beach upon the failure of that defendant to comply, within 30 days of service upon it of a copy of the order appealed from, with its discovery obligations imposed under an order of the same court entered May 21, 1990.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the

appellant-respondent's time to comply with its discovery obligations is extended until 20 days after service upon it of a copy of this decision and order, with notice of entry.

The plaintiffs commenced this action in 1981, alleging that on December 9, 1979, the plaintiff Felicita Soto fell and injured herself on Laurelton Boulevard in the City of Long Beach (hereinafter the City). She claimed, *inter alia,* that the fall was the result of a defect in the roadway surface, caused or created by the City. In 1991, the City moved for summary judgment dismissing the complaint on the ground that it did not receive prior written notice of the alleged defect, and that it did not create the alleged defect.

The plaintiffs opposed the motion and cross-moved to strike the City's answer, on the ground that the City had willfully failed and refused to comply with its disclosure obligations. The plaintiffs claimed that the requested discovery materials were pertinent to the issue of whether the City caused to be created, or by itself created, the defect in the roadway. The court denied the City's motion, holding that, in view of the fact that the City had failed to comply with its discovery obligations, the motion was premature. It then granted the plaintiffs' motion "unless [the City] fully complies" with its discovery obligations under the court's prior order entered May 21, 1990, within 30 days after the service upon it of a copy of the order appealed from.

We find that the court did not err in denying the City's motion for summary judgment. CPLR 3212 (f) provides that "[s]hould it appear from affidavits submitted in opposition to the motion [for summary judgment] that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion or may order a continuance to permit affidavits to be obtained or disclosure to be had and may make such other order as may be just".

Further, we find no basis to override the determination of the Supreme Court that the City has not fully complied with its disclosure obligations. Accordingly, the court was empowered to grant conditionally the plaintiffs' motion, and to strike the City's answer unless the City satisfied its obligation within the time accorded by the court *(see,* CPLR 3126). The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter of discretion for the court presented with the motion *(see, Associated Mut. Ins. Co. v Dyland Tavern,* 105 AD2d 892). Under the circumstances, we find that the court did not improvidently exercise its discretion. Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.