■ ELEANOR LESTINGI, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [618 NYS2d 731] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated March 30, 1993, which denied her motion to strike the answer of the defendant City of New York, and granted the cross motion of the defendant City of New York for a protective order to the extent of vacating Item No. 14 of the plaintiff's combined demand, vacating the plaintiff's notice for discovery and inspection with the exception of Item No. 13, and limiting Item Nos. 9, 10, 12, and 13 of the plaintiff's combined demand to records of two months prior to the date of the accident.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which vacated Item No. 14 of the plaintiff's combined demand and substituting therefor a provision limiting Item No. 14 to records two months subsequent to the accident, and (2) amending the provision which limited Item Nos. 9, 10, 12, and 13, to include records both two months prior to and subsequent to the date of the acci-

dent; as so modified, the order is affirmed, with costs to the plaintiff, and the time for the City of New York to provide the material in question is extended until 30 days after service upon it of a copy of this decision and order, with notice of entry.

On February 3, 1990, the plaintiff was involved in an automobile accident at a certain intersection in Queens County. She subsequently commenced this action against, *inter alia,* the City of New York, alleging that the accident was caused by a defective traffic signal. She thereafter sought various disclosure of records and reports about prior and subsequent accidents at the intersection, maintenance and repair records concerning the traffic signal, and complaints about the intersection.

Since there has been no showing that the City of New York's failure to timely disclose these items was willful, contumacious, or in bad faith, the court correctly denied a plaintiff's motion to strike its answer *(see, Arena v City of New York,* 196 AD2d 471; *Ahroni v City of New York,* 175 AD2d 789; *Nudelman v New York City Tr. Auth.,* 172 AD2d 503).

While the motion of the City of New York for a protective order was untimely *(see,* CPLR 3122), this does not preclude us from determining whether the plaintiff's disclosure demands were " 'palpably improper' " *(De Paolo v Wisoff,* 94 AD2d 694; *Zambelis v Nicholas,* 92 AD2d 936).

We conclude that the Supreme Court improperly limited the plaintiff's disclosure demands. Records of prior and subsequent accidents at the place in question are discoverable to establish that a particular condition was dangerous *(see, Yoon Soo Chang v F.W. Woolworth Co.,* 204 AD2d 668; *Klatz v Armor El. Co.,* 93 AD2d 633). To the extent that the plaintiff's demands sought such records, and closely related items, two months prior to and subsequent to the accident at issue, these demands were proper. However, those which requested records beyond this period were "palpably improper" and were properly excluded. Thompson, J. P., Miller, O'Brien, Santucci and Joy, JJ., concur.