■ EDWARD HARRIS et al., Appellants, v CITY OF NEW YORK, Respondent. [622 NYS2d 464] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) so much of an order of the Supreme Court, Queens County (Price, J.), dated February 2, 1994, as failed to unconditionally grant their motion, *inter alia,* to strike the defendant's answer and instead conditionally granted the same unless the defendant complied with outstanding discovery demands within 30 days, and (2) an order of the same court, dated June 15, 1994, which denied their renewed motion to strike the defendant's answer for noncompliance with their discovery demands.

Ordered that the order dated February 2, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated June 15, 1994, is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

Contrary to the plaintiffs' contention, the Supreme Court did not improvidently exercise its discretion in failing to unconditionally grant their motion to strike the defendant's answer for failure to comply with their discovery requests. Rather, the record adequately establishes that the defendant made good faith attempts to satisfy the plaintiffs' discovery

requests, and the court therefore acted properly in affording the defendant additional time to comply *(see, Harris v City of New York,* 211 AD2d 663 [decided herewith])·

Similarly unavailing is the plaintiffs' contention that the court erred in denying their renewed motion to strike the defendant's answer. The record sufficiently establishes that the defendant adequately complied with the plaintiffs' discovery demands, and that any lack of compliance was due to the unavailability of the requested material rather than willful, contumacious, or bad faith conduct on the part of the defendant *(see, Lestingi v City of New York,* 209 AD2d 384; *Arena v City of New York,* 196 AD2d 471; *Dauria v City of New York,* 127 AD2d 459). Sullivan, J. P., Rosenblatt, Altman, Hart and Friedmann, JJ., concur.