■ NORBERTO ESPINAL, Appellant, v CITY OF NEW YORK et al., Respondents. [695 NYS2d 610] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of two orders of the Supreme Court, Kings County (Hutcherson, J.), dated May 15, 1998, and May 20, 1998, respectively, as denied his motion to strike the defendants' answer pursuant to CPLR 3126 (3).

Ordered that the orders are reversed insofar as appealed from, as a matter of discretion, with costs, the motion is granted, the answer is stricken, and the matter is remitted to the Supreme Court, Kings County, for an inquest as to damages.

Although actions should be resolved on the merits wherever possible (see, Cruzatti v St. Mary's Hosp., 193 AD2d 579, 580), a court may, inter alia, strike the "pleadings or parts thereof" as a sanction against a party who "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed [upon notice]" (CPLR 3126 [3]). While the nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion with the court (see, Soto v City of Long Beach, 197 AD2d 615, 616; Spira v Antoine, 191 AD2d 219), "striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (Harris v City of New York, 211 AD2d 663, 664; see, Lestingi v City of New York, 209 AD2d 384).

In the instant case, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion to strike the defendants' answer (see, Herrera v City of New York, 238 AD2d 475). The defendants' willful and contumacious conduct can be inferred from their repeated failures to comply with orders directing disclosure and the inadequate excuses offered to excuse their failure to comply (see, Porreco v Selway, 225 AD2d 752). Thus, the plaintiff satisfied his initial burden of proving willfulness, shifting the burden to the defendants to offer a reasonable excuse for their failure to comply (see, Furniture Fantasy v Cerrone, 154 AD2d 506). At no time did the defendants offer a reasonable excuse for their repeated failures to comply with the plaintiff's outstanding discovery demands and the orders directing disclosure. Accordingly, the plaintiff's motion to strike the answer is granted and the matter is remitted to Supreme Court, Kings County, for an inquest as to damages. Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.