■ DENNIS VOGEL, Respondent, v BENWIL INDUSTRIES, INC., Defendant and Third-Party Plaintiff, et al., Defendant, and BRANHAM MANAGEMENT CORPORATION I et al., Appellants. AUTO PLAZA NISSAN, INC., Third-Party Defendant-Appellant. [699 NYS2d 870] —In a negligence action to recover damages for personal injuries, (1) the defendants Branham Management Corporation I, Branham Management Corporation II, Branham Management Corporation III, Branham Management Corporation IV, and John E. Branham (hereinafter the Branham defendants), the defendant Paul Scappatura-Guzzan as Administrator of the Estate of Frank Scappatura, and the third-party defendant Auto Plaza Nissan, Inc., separately appeal, as limited by their notices of appeal and briefs, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated April 15, 1998, as granted that branch of the plaintiff's motion which was to strike their respective answers for failure to comply with previous orders directing them to appear for depositions, and (2) the Branham defendants and the defendant Auto Plaza Nissan, Inc., separately appeal, as limited by their notices of appeal and briefs, from so much of an order of the same court, dated June 15, 1998, as denied their respective motions which were, in effect, for leave to reargue.

Ordered that the appeals from the order dated June 15, 1998, are dismissed, as no appeal lies from an order which denied a motion for leave to reargue; and it is further,

Ordered that the order dated April 15, 1998, is reversed insofar as appealed from, on the law and as a matter of discretion, and that branch of the motion which was to strike the answers of the appellants is granted only to the extent that the answer of the Branham defendants is stricken unless John E. Branham is produced as a witness for a deposition, and the motion is otherwise denied; and it is further,

Ordered that the time of the Branham defendants to produce the defendant John E. Branham for deposition is extended until 90 days after service upon them of a copy of this decision and order with notice of entry; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

The Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to strike the answer of the Branham defendants. The record does not reveal willful and contumacious disobedience of a prior court order respecting discovery, and therefore the extreme relief granted by the Supreme Court was inappropriate (*see, Garcia v First Spanish Baptist Church*, 259 AD2d 465; *Mohammed v 919 Park Place Owners Corp.*, 245 AD2d 351). However, in the exercise of our discretion, we direct that John E. Branham appear to be deposed within 90 days of service upon the appellants of a copy of this order with notice of entry.

The third-party defendant, Auto Plaza Nissan, Inc., which has been out of business since 1991, has no duty to furnish former employees for depositions in this case, and, as a practical matter, is in no position to make any further disclosure. The court erred in striking the answer of this party (*see, Schwartz v Brooklyn & Queens Tr. Corp.*, 260 App Div 947). We see no basis upon which to order this appellant to make any further disclosure.

The plaintiff failed to establish that the estate of Frank Scappatura is in any position to make useful disclosure in this case. The Supreme Court therefore also erred in striking the answer of that defendant. Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.