■ MICHAEL PASCARELLI, Appellant, v CITY OF NEW YORK, Respondent. [791 NYS2d 617]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated March 26, 2004, which denied his motion to strike the defendant's answer pursuant to CPLR 3126 (3).

Ordered that the order is affirmed, with costs.

The plaintiff contends that the Supreme Court should have granted his motion to strike the defendant's answer pursuant to CPLR 3126 (3) due to the defendant's belated compliance with discovery demands. Actions should be resolved on the merits wherever possible, and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter of discretion with the court (see Espinal v City of New York, 264

AD2d 806 [1999]; *Soto v City of Long Beach,* 197 AD2d 615 [1993]; *Cruzatti v St. Mary's Hosp.,* 193 AD2d 579 [1993]). In addition, "the drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (*Harris v City of New York,* 211 AD2d 663, 664 [1995]; *see Lestingi v City of New York,* 209 AD2d 384 [1994]). The moving party must "clearly demonstrate" that the failure to comply was willful and contumacious (*see Master Collision v Continental Ins. Co.,* 131 AD2d 645, 646 [1987]).

In this case, while we do not condone the defendant's extended delay in furnishing the requested discovery, it has not been "clearly demonstrated" that this delay was the product of willful and contumacious conduct (*Vogel v Benwil Indus.,* 267 AD2d 232 [1999]). Moreover, the defendant substantially complied with outstanding discovery requests while the motion to strike was pending. Under these circumstances, the Supreme Court providently exercised its discretion in denying the motion (*see Simpson v Sinha,* 246 AD2d 361 [1998]; *Dubinsky v Rykowsky,* 232 AD2d 447 [1996]; *Ungar v Lesser,* 152 AD2d 510 [1989]).

The plaintiff's remaining contention is without merit. Florio, J.P., Santucci, Krausman and Rivera, JJ., concur.