◼ TATIANA KUZMIN, Appellant, v VISITING NURSE SERVICE OF NEW YORK et al., Defendants, and OLEG BERETSKY, Respondent. [804 NYS2d 352]—

In an action, inter alia, to recover damages for assault and battery, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated March 12, 2004, as granted the cross motion of the defendants Visiting Nurse Service and Oleg Beretsky pursuant to CPLR 3126 (3) to dismiss the causes of action to recover damages for assault and battery in the amended complaint insofar as asserted against the defendant Oleg Beretsky.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is denied, and the causes of action to recover damages for assault and battery asserted in the amended complaint are reinstated insofar as asserted against Oleg Beretsky.

Although actions should be resolved on the merits wherever possible (*see Cruzatti v St. Mary's Hosp.,* 193 AD2d 579, 580 [1993]), a court may, inter alia, strike the "pleadings or parts thereof" as a sanction against a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed [upon notice]" (CPLR 3126 [3]). While the nature and degree of the

penalty to be imposed on a motion pursuant to CPLR 3126 is a matter of discretion with the court (*see Soto v City of Long Beach,* 197 AD2d 615, 616 [1993]; *Spira v Antoine,* 191 AD2d 219 [1993]), "striking [a pleading] is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (*Espinal v City of New York,* 264 AD2d 806 [1999]). In this case, the record does not reveal willful and contumacious disobedience of a prior court order respecting discovery and therefore the extreme relief granted by the Supreme Court was inappropriate (*see Vogel v Benwil Indus.,* 267 AD2d 232 [1999]). Accordingly, the Supreme Court should have denied the cross motion.

The respondent's remaining contention is without merit. Florio, J.P., Luciano, Skelos and Lifson, JJ., concur.