■ EVGUENI ZOUEV, Appellant, v CITY OF NEW YORK, Respondent. [821 NYS2d 620]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated November 16, 2005, as denied his motion pursuant to CPLR 3126 (3) to strike the answer upon the defendant's failure to comply with an order of the same court (Knipel, J.) dated December 17, 2002.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff contends that the Supreme Court should have granted his motion pursuant to CPLR 3126 (3) to strike the defendant's answer because it failed to comply with a conditional order requiring it to provide various items of disclosure by a date certain, or face sanctions pursuant to CPLR 3126. As a result of the defendant's failure to produce these items on or before the date certain, the conditional order dated December 17, 2002 became absolute (see Marrone v Orson Holding Corp., 302 AD2d 371, 371-372 [2003]; Stewart v City of New York, 266 AD2d 452 [1999]; Clissuras v Concord Vil. Owners, 233 AD2d 475 [1996]). To be relieved of the adverse impact of the order striking its answer, the defendant was required to demonstrate a reasonable excuse for its failure to produce the requested items and the existence of a meritorious defense (see Macancela

*v Pekurar*, 286 AD2d 320 [2001]). Because the defendant satisfied this standard here, we affirm the order of the Supreme Court denying the plaintiff's motion to strike the defendant's answer.

Actions should be resolved on the merits wherever possible, and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter of discretion with the court (*see Pascarelli v City of New York*, 16 AD3d 472, 472-473 [2005]; *Espinal v City of New York*, 264 AD2d 806 [1999]; *Soto v City of Long Beach*, 197 AD2d 615 [1993]; *Cruzatti v St. Mary's Hosp.*, 193 AD2d 579 [1993]). In addition, the drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful and contumacious (*see Harris v City of New York*, 211 AD2d 663, 664 [1995]; *Pascarelli v City of New York, supra* at 473; *Lestingi v City of New York*, 209 AD2d 384 [1994]). The moving party must "clearly demonstrate" that the failure to comply was willful and contumacious (*see Master Collision v Continental Ins. Co.*, 131 AD2d 645, 646 [1987]; *see also Pascarelli v City of New York, supra* at 473).

In this case, while we do not condone the defendant's extended delay in furnishing the requested discovery, it has not been "clearly demonstrated" that this delay was the product of willful and contumacious conduct (*see Vogel v Benwil Indus.*, 267 AD2d 232 [1999]). Moreover, given the plaintiff's significant delay in prosecuting the action and in seeking to compel the disclosure, as well as the defendant's substantial compliance with outstanding discovery requests while the motion to strike was pending, the Supreme Court providently exercised its discretion in denying the motion (*see Ortiz v Board of Educ. of City of N.Y.*, 26 AD3d 158 [2006]; *Pascarelli v City of New York, supra* at 473; *Marrero v City of New York*, 287 AD2d 298 [2001]; *McAllister v City of New York*, 248 AD2d 598, 598-599 [1998]; *Simpson v Sinha*, 246 AD2d 361 [1998]; *Dubinsky v Rykowsky*, 232 AD2d 447 [1996]; *Ungar v Lesser*, 152 AD2d 510 [1989]). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.