■ NATHANIEL CAMBRY, Respondent, v LINCOLN GARDENS, Appellant, and A.L. EASTMOND & SONS, INC., et al., Respondents. [857 NYS2d 224]—

In an action to recover damages for personal injuries, the defendant Lincoln Gardens appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated November 17, 2006, as denied those branches of its motion which were for summary judgment dismissing the common-law negligence and Labor Law § 240 (1) causes of action insofar as asserted against it, and for summary judgment on its common-law indemnity cross claim, (2), as limited by its brief, from so much of an order of the same court dated January 19, 2007, as granted those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability against it on the Labor Law § 240 (1) cause of action, and to strike its answer, (3), as limited by its brief, from so much of an order of the same court dated May 18, 2007, as, upon granting that branch of its motion which was for reargument of that branch of the plaintiff's cross motion which was to strike its answer, adhered to the original determination and reinstated the Labor Law § 200 cause of action insofar as asserted against it, and (4) an order of the same court dated May 18, 2007, which, inter alia, denied its motion to stay or adjourn the trial of the action.

Ordered that the appeal from so much of the order dated January 19, 2007, as granted that branch of the plaintiff's cross motion which was to strike the answer of Lincoln Gardens is dismissed, as that portion of the order was superseded by the first order dated May 18, 2007, made upon reargument; and it is further,

Ordered that the appeal from the second order dated May 18, 2007, which, inter alia, denied the motion of the defendant

Lincoln Gardens to a stay or adjourn the trial, is dismissed as abandoned; and it is further,

Ordered that the order dated November 17, 2006 is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Lincoln Gardens which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated November 17, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that the order dated January 19, 2007 is reversed insofar as reviewed, on the law, and that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability against the defendant Lincoln Gardens on the Labor Law § 240 (1) cause of action is denied; and it is further,

Ordered that the first order dated May 18, 2007 is modified, on the law, the facts, and in the exercise of discretion, by deleting the provision thereof which, upon reargument, adhered to the original determination granting that branch of the plaintiff's cross motion which was to strike the answer of the defendant Lincoln Gardens and substituting therefor a provision, upon reargument, vacating so much of the order dated January 19, 2007, as granted that branch of the plaintiff's cross motion which was to strike the answer of the defendant Lincoln Gardens, and denying that branch of the cross motion; as so modified, the first order dated May 18, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is granted to the defendant Lincoln Gardens payable by the respondents appearing separately and filing separate briefs.

The Supreme Court improvidently exercised its discretion in striking the answer of the defendant Lincoln Gardens for failure to comply with discovery. A court in its discretion may strike the pleading of a party who "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). However, such a sanction is inappropriate absent a clear showing that the failure to comply with discovery demands is willful or contumacious (*see* CPLR 3126 [3]; *Kuzmin v Visiting Nurse Serv. of N.Y.,* 22 AD3d 643 [2005]; *Espinal v City of New York,* 264 AD2d 806 [1999]). Belated but substantial compliance with a discovery order undermines the position that the delay was a product of willful or contumacious conduct (*see Pascarelli v City of New York,* 16 AD3d 472 [2005]; *Carella v Reilly & Assoc.,* 297 AD2d 326 [2002]). Here, the circumstances surrounding a dep-

osition on December 13, 2006 militate against a finding that Lincoln Gardens' failure to produce a witness was willful or contumacious (*cf. Rampersad v New York City Dept. of Educ.,* 30 AD3d 218 [2006]).

The Supreme Court further erred in denying summary judgment to Lincoln Gardens dismissing the Labor Law § 240 (1) cause of action, and in granting summary judgment on the issue of liability to the plaintiff and against it on that cause of action. "Not every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of Labor Law § 240 (1)" (*Narducci v Manhasset Bay Assoc.,* 96 NY2d 259, 267 [2001]). The accident must have been caused by the "special hazards that arise when the work site either is itself elevated or is positioned below the level where materials or loads are hoisted or secured" (*Orner v Port Auth. of N.Y. & N.J.,* 293 AD2d 517 [2002]; *see Narducci v Manhasset Bay Assoc.,* 96 NY2d at 267; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501 [1993]).

Here, the plaintiff allegedly was injured when a large piece of metal fell from a dolly onto his foot. The risk of such an accident is not an elevation-related risk simply because there is a slight difference in elevation between the top of the dolly and the floor. "An object falling from a minuscule height is not the type of elevation-related injury that [Labor Law § 240 (1)] was intended to protect against" (*Perron v Hendrickson/ Scalamandre/Posillico [TV],* 22 AD3d 731, 732 [2005] [internal quotation marks omitted]; *see Schreiner v Cremosa Cheese Corp.,* 202 AD2d 657 [1994]; *Jacome v State of New York,* 266 AD2d 345 [1999]; *Phillips v City of New York,* 228 AD2d 570 [1996]). Moreover, the object must be in the process of being hoisted or secured when it falls due to inadequate safety devices (*see Narducci v Manhasset Bay Assoc.,* 96 NY2d 259, 268 [2001]). Contrary to the plaintiff's contention, his deposition established that the piece of metal was not in the process of being hoisted or secured when it fell. Since Lincoln Gardens established its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 240 (1) cause of action, and the plaintiff failed to raise a triable issue of fact in opposition to that branch of its motion, Lincoln Gardens was entitled to summary judgment dismissing that cause of action.

However, Lincoln Gardens failed to establish its prima facie entitlement to judgment as a matter of law dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against it (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Accordingly, summary

judgment on its common-law indemnity cross claim was properly denied as well (see Great Am. Ins. Co. v Canandaigua Natl. Bank & Trust Co., 23 AD3d 1025, 1028 [2005]).

As Lincoln Gardens failed to make any argument in its brief that the second order dated May 18, 2007 was erroneous, the appeal from that order must be dismissed as abandoned (see Ellner v Schwed, 48 AD3d 739 [2008]; DiCarlo v City of New York, 286 AD2d 363 [2001]; Transamerica Commercial Fin. Corp. v Matthews of Scotia, 178 AD2d 691, 692 n 1 [1991]). Spolzino, J.P., Lifson, Florio and Dickerson, JJ., concur.