■ MARIO GRADAILLE, Appellant, v CITY OF NEW YORK, Respondent. [— NYS2d —]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered November 27, 2006, which granted the motion of defendant City of New York to vacate a prior order striking its answer for noncompliance with disclosure orders, upon condition that the City pay plaintiff $2,500, affirmed, without costs.

The motion court did not improvidently exercise its discretion in vacating the order striking the City's answer and imposing a monetary sanction in its place after the City demonstrated that its earlier production of the wrong records was not willful and

contumacious and that it had belatedly complied with all its discovery obligations (*see Postel v New York Univ. Hosp.*, 262 AD2d 40, 42 [1999]; *see generally McMahon v City of New York*, 105 AD2d 101 [1984]).

We have considered plaintiff's remaining contentions and find them to be unavailing. Concur—Andrias, J.P., Friedman, Buckley and Moskowitz, JJ.

McGuire, J., dissents in part in a memorandum as follows: This appeal involves a recurring problem in personal injury actions: the failure of the City of New York to comply timely with disclosure orders (*see e.g. Martin v City of New York*, 46 AD3d 635 [2007]; *Maiorino v City of New York*, 39 AD3d 601 [2007]; *Nunez v City of New York*, 37 AD3d 434 [2007]; *Figdor v City of New York*, 33 AD3d 560 [2006]; *Kryzhanovskaya v City of New York*, 31 AD3d 717 [2006]; *see also Attard v City of New York*, — F Supp 2d —, 2008 WL 1991107, 2008 US Dist LEXIS 36452 [ED NY 2008]). While I agree with the majority that Supreme Court did not improvidently exercise its discretion in vacating its prior order striking defendant's answer, I believe that the penalty it imposed in place of striking the answer—a $2,500 sanction—is not commensurate with defendant's conduct and should be increased.

Plaintiff alleges that on December 30, 2002 he slipped and fell on "a broken and cracked sidewalk with ice" on the northwest corner of 184th Street and Broadway. Plaintiff served a notice of claim on defendant in March 2003 and commenced this action in January 2004. The theory of liability plaintiff asserts is that defendant was negligent in failing to maintain the sidewalk and clean it of ice.

On March 28, 2005, a case scheduling order was signed by Supreme Court. The order required defendant, within 90 days of the order, to provide plaintiff with, among other things, a copy of the Department of Sanitation district operation log (the carting book) for the two-week period prior to and including the date of the accident and a copy of the district snow operation book (the snow operation book) for the same period. At a compliance conference held on December 1, 2005, defendant was ordered to search for a photograph of the accident location that was marked at plaintiff's General Municipal Law § 50-h hearing and, within 45 days, provide plaintiff with a copy of the photograph or, if the photograph was not found, an affidavit regarding the efforts made to locate it. Defendant did not comply with this directive and the court reiterated it in a February 23, 2006 so-ordered stipulation.

On April 13, 2006, another so-ordered stipulation was exe-

cuted following a compliance conference. This order required defendant to provide plaintiff, for the relevant time period, i.e., two weeks prior to and including the date of the accident, with copies of both the carting and snow operation books, which defendant should have provided to plaintiff within 90 days of the March 28, 2005 case scheduling order. The April 2006 order stated that defendant was to provide copies of both books within 45 days of the order, prior to the deposition of defendant's Department of Sanitation employee. The order also directed defendant to provide plaintiff with a copy of the photograph marked at plaintiff's General Municipal Law § 50-h hearing.

On June 15, 2006, Supreme Court signed an order again directing defendant to provide plaintiff with copies of both books. The order stressed that the books were to be provided "prior to defendant's EBT, not at the deposition itself." Defendant was also directed—for the fourth time in six months—to provide plaintiff with a copy of the photograph marked at the General Municipal Law § 50-h hearing. The order stated that if defendant failed to comply with the directives requiring it to provide plaintiff with a copy of the photograph marked at the General Municipal Law § 50-h hearing and copies of the books prior to the deposition, defendant's answer would be struck. The order also stated that it was "self[-]executing."

A few days prior to the July 7, 2006 deposition of an employee of defendant's Department of Sanitation, defendant provided plaintiff's counsel with copies of a carting book and a snow operation book. During the deposition, however, the employee informed the attorneys that defendant had provided plaintiff's counsel with copies of the books for the wrong location. While the employee brought with him the books for the correct location, the snow operation book contained no entries for the relevant time period, which the employee indicated was unusual.

At an August 10, 2006 compliance conference, plaintiff argued that defendant had failed to comply with the June 15, 2006 self-executing order since defendant failed to provide plaintiff with copies of the books for the location of the accident prior to the employee's deposition. The court directed plaintiff to provide it with a copy of the transcript of the employee's deposition testimony and adjourned the conference to September 28, 2006. Plaintiff did so and in a cover letter to the court accompanying the transcript asserted that defendant's answer was automatically stricken pursuant to the self-executing order. By an order dated September 28, 2006, the court stated that defendant's answer was struck "based on noncompliance with prior court orders" and ordered an inquest.

By an order to show cause signed by the court on October 26, 2006, defendant moved to reargue the September 28, 2006 order, asserting that its failure to comply with the court's disclosure orders was not willful, contumacious or the result of bad faith, and that the penalty of striking its answer was too severe. One week later, defendant sent to plaintiff's counsel copies of the books for the relevant location and time period. Along with the copies, defendant provided an affidavit from the employee who had been deposed in which the employee averred that, following his deposition, the Department of Sanitation made a further search for and located the relevant snow operation book. Plaintiff opposed the motion, arguing that defendant failed to demonstrate that the court overlooked or misapprehended the facts or law in striking defendant's answer. Plaintiff also argued that the court properly struck the answer in light of defendant's failure to comply with multiple disclosure orders.

Supreme Court granted defendant's motion and vacated the September 28, 2006 order striking the answer on the condition that defendant pay plaintiff's counsel $2,500.[1] The court reasoned that both parties agreed that defendant had provided plaintiff with all outstanding disclosure, albeit after the deadlines imposed by the court, and that matters should, whenever possible, be resolved on the merits. This appeal by plaintiff ensued.

Supreme Court's June 15, 2006 order was a self-executing conditional order dismissing the answer, and defendant's failure to provide plaintiff with a copy of the photograph marked at plaintiff's General Municipal Law § 50-h hearing and copies of the relevant carting and snow operation books prior to the deposition of defendant's employee would ordinarily render that order "absolute" (*see Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827, 830 [2008]). To be relieved of the consequences of a conditional order that, due to the defendant's failure to comply with the order, becomes absolute and strikes its answer, the defendant must demonstrate a reasonable excuse for its failure to comply with the conditional order and the existence of a meritorious defense (*see Zouev v City of New York*, 32 AD3d 850 [2006]; *see also Seven Acre Wood St. Assoc. v Petruccelli Eng'g*,

---

1. Defendant issued a check to plaintiff's counsel for $2,500, which plaintiff's counsel apparently accepted and deposited. While there is some authority for the proposition that by accepting and depositing the check plaintiff's counsel waived plaintiff's right to appeal (*see Schlossberg v Varjabedian*, 19 AD3d 171 [2005], *citing Schulman v Levy Sonet & Siegel*, 276 AD2d 384 [2000]), defendant has not asserted that argument.

3 AD3d 396 [2004]; *Tejeda v 750 Gerard Props. Corp.*, 272 AD2d 124 [2000]; *Becerril v Skate Way Roller Rink*, 184 AD2d 365 [1992]).

Plaintiff, however, in opposition to defendant's motion to reargue the September 28, 2006 order striking the answer did not assert that the June 15, 2006 conditional order became absolute and that defendant was required to demonstrate both a reasonable excuse for its failure to comply with the conditional order and a meritorious defense. Rather, plaintiff argued that the court did not overlook or misapprehend the facts or law in striking defendant's answer and that the court properly struck the answer because defendant failed to comply with multiple disclosure orders. In his brief on appeal, plaintiff repeats the arguments he advanced before Supreme Court. Thus, plaintiff has essentially framed the issue on appeal as whether defendant's failure to provide disclosure was willful, contumacious or the result of bad faith and, concomitantly, whether Supreme Court improvidently exercised its discretion in granting defendant's motion to reargue and vacating the order striking defendant's answer. Similarly, defendant has treated the issue on appeal as whether its failure to comply timely with disclosure orders was willful, contumacious or the result of bad faith.

Supreme Court is afforded broad discretion in supervising disclosure (*Matter of DataSafe Inc. v American Express*, 2 AD3d 224 [2003]), and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 based upon a party's failure to comply with disclosure orders is committed to the sound discretion of that court (*Palmenta v Columbia Univ.*, 266 AD2d 90 [1999]). The public policy of this State, however, favors resolution of actions on the merits (*Corsini v U-Haul Intl.*, 212 AD2d 288 [1995], *lv dismissed in part and denied in part* 87 NY2d 964 [1996]). Accordingly, the drastic sanction of striking an answer is inappropriate absent a clear showing that the defendant's failure to comply with disclosure obligations was willful, contumacious or the result of bad faith (*Delgado v City of New York*, 47 AD3d 550 [2008]; *see Cespedes v Mike & Jac Trucking Corp.*, 305 AD2d 222 [2003]; *Palmenta, supra*).

Defendant first provided plaintiff with copies of carting and snow operation books a few days prior to its employee's deposition, approximately one year and three months after it was originally directed to do so in the case scheduling order. In the interim, two additional orders, including the self-executing conditional order, had been issued by Supreme Court requiring defendant to provide plaintiff with copies of those books. The copies of the books provided to plaintiff's counsel before

defendant's employee's deposition were for the wrong location, and while the employee brought with him to the deposition the books for the right location, the snow operation book inexplicably did not contain any entries. Approximately four months after the employee's deposition, defendant sent to plaintiff copies of the relevant carting and snow operation books along with an affidavit from the employee explaining why he mistakenly brought to the deposition a snow operation book that contained no entries and that upon further search the correct snow operation book was located.

Defendant offered no reasonable explanation[2] why it took approximately one year and three months before it attempted to provide plaintiff with copies of the books. Moreover, on its initial attempt to comply with its obligation to provide copies of the books, defendant mistakenly gave plaintiff's counsel copies of the books for the wrong location and was unable to produce the correct snow operation book at the employee's deposition. Nevertheless, defendant ultimately did comply with its obligation to provide plaintiff with copies of the correct books. Thus, while defendant's delayed efforts to comply with Supreme Court's disclosure orders leave much to be desired, plaintiff failed to make a clear showing that defendant's failure to comply with those orders was willful, contumacious or the result of bad faith (see Cambry v Lincoln Gardens, 50 AD3d 1081, 1082 [2d Dept 2008] ["Belated but substantial compliance with a discovery order undermines the position that the delay was a product of willful or contumacious conduct"]).

While defendant's failure to comply with the disclosure orders was not willful, contumacious or the result of bad faith, a substantial penalty should be imposed on defendant for its recalcitrance. Supreme Court imposed the modest penalty of requiring defendant to pay plaintiff's counsel $2,500. In my view, this penalty is not commensurate with the nature and extent of defendant's disobedience (see Christian v City of New York, 269 AD2d 135, 137 [2000]; Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3126:8, at 462 [2005 ed]).

The deposition of defendant's employee had to be repeatedly adjourned because copies of the books were not timely provided

---

**2.** Defendant offered no excuse for its failure to provide plaintiff with copies of the books between March 28, 2005, the date the case scheduling order was signed by the court, and the April 13, 2006 compliance conference. With respect to its failure to provide plaintiff with the copies by the deadline set in the April 13, 2006 order, i.e., within 45 days of the order, defendant merely stated that it encountered "a problem in obtaining the records."

to plaintiff. Then, when it first attempted to provide plaintiff with the copies, defendant provided copies of the books for the wrong location, causing plaintiff's counsel to waste time reviewing irrelevant records in preparation for the deposition. Defendant's error in providing copies of the wrong books deprived plaintiff's counsel of the opportunity to prepare properly for the deposition, an opportunity several disclosure orders had attempted to preserve. Moreover, while defendant's employee brought to the deposition the books for the relevant location, the snow operation book contained no entries. Ultimately, four months after the employee's deposition and one year and seven months after the initial case scheduling order, defendant provided plaintiff with copies of the relevant books.

In light of defendant's repeated failures to comply with its disclosure obligations, failures which needlessly delayed this action, wasted plaintiff's counsel's time and hindered plaintiff's preparation of his case, I would modify the order appealed to increase the monetary penalty to an amount far more substantial than the $2,500 imposed by Supreme Court and permit plaintiff, upon his request, to depose defendant's employee again (*see generally Figdor v City of New York*, 33 AD3d at 560-561 [defendant ordered by this Court to pay plaintiffs' counsel $10,000 because "(d)efendant's response to the myriad discovery orders entered in th(e) action over the course of some two years (was) inexcusably lax . . . (and) (w)hile discovery . . . trickled in with the passage of each compliance conference, the cavalier attitude of defendant, resulting . . . in substantial and gratuitous delay and expense, should not escape adverse consequence"]). Additionally, since it is unclear whether defendant ever provided plaintiff with a copy of the photograph marked at his General Municipal Law § 50-h hearing, I would allow plaintiff to seek additional disclosure sanctions from Supreme Court if the court were to find that defendant failed to provide plaintiff with a copy of the photograph (*see generally Quinn v City Univ. of N.Y.*, 43 AD3d 679 [2007]).