■ CHERI L. DORR et al., Appellants, v LONDON TERRACE TOWERS OWNERS, INC., et al., Respondents, et al., Defendants. PETER KAUFMANN et al., Appellants, v LONDON TERRACE TOWERS OWNERS, INC., et al., Respondents, et al., Defendants. [899 NYS2d 602]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered February 25, 2009, which, in actions for property damages by shareholders/tenants against a cooperative and various persons and entities associated with the cooperative, inter alia, denied plaintiffs' motion to strike defendants-respondents' (herein the coop) answer on condition that the coop provide certain disclosure, with leave to plaintiffs to file a "notice of default" striking the coop's answer in the event such disclosure was not provided, and order, same court and Justice, entered September 24, 2009, which, inter alia, granted the coop's motion to vacate plaintiffs' notice of default, unanimously affirmed, with costs.

In three separately commenced actions (two of which have been consolidated and all of which have been joined for discovery purposes), involving numerous demands for disclosure by the

coop and numerous stipulations extending the coop's time to provide disclosure, the coop's tardiness in responding to some of the demands was not clearly willful, contumacious or the result of bad faith (see *Gradaille v City of New York*, 52 AD3d 279 [2008]). Indeed, as noted by the motion court, some demands were complex, and others vague and confusing, such that even the motion court, which actively supervised disclosure throughout, could not always ascertain what was being sought. Nor is there reason to disturb the motion court's finding that the coop timely mailed responses compliant with the conditional order, and that the reason plaintiffs did not receive the responses on time was because the coop's attorney inadvertently mailed them to the wrong address. We have considered plaintiffs' other arguments and find them unavailing. Concur—Gonzalez, P.J., Tom, Renwick, DeGrasse and Abdus-Salaam, JJ. **[Prior Case History: 2009 NY Slip Op 30406(U).]**