# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1240**
**CA 14-00275**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

JERRY SWENEY, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

COUNTY OF NIAGARA, AND NIAGARA COUNTY
JAIL, DEFENDANTS-APPELLANTS.
----------------------------------------
COUNTY OF NIAGARA, THIRD-PARTY
PLAINTIFF-RESPONDENT,

V

INTER-COMMUNITY MEMORIAL HOSPITAL OF
NEWFANE, INC., AND EASTERN NIAGARA
HOSPITAL, INC., THIRD-PARTY
DEFENDANTS-APPELLANTS.

CONNORS & VILARDO, LLP, BUFFALO (PATRICK D. MCNALLY OF COUNSEL), FOR
THIRD-PARTY DEFENDANTS-APPELLANTS.

MAGAVERN MAGAVERN GRIMM LLP, NIAGARA FALLS (EDWARD P. PERLMAN OF
COUNSEL), FOR DEFENDANTS-APPELLANTS AND THIRD-PARTY
PLAINTIFF-RESPONDENT.

FRANZBLAU DRATCH, P.C., NEW YORK CITY (BRIAN M. DRATCH OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeals from an order of the Supreme Court, Niagara County (Ralph
A. Boniello, III, J.), entered December 6, 2013. The order denied the
motion of third-party defendants for summary judgment and denied the
cross motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion and cross
motion are granted, and the complaint and third-party complaint are
dismissed.

Memorandum: In this medical malpractice action, plaintiff, an
inmate in state prison, seeks damages for the allegedly negligent
treatment of a foot injury he sustained while playing volleyball in
the Niagara County Jail. The defendants named in the complaint were
County of Niagara and the Niagara County Jail (collectively, County),
along with plaintiff's treating physician, Dr. Robert M. Bauer. On
April 7, 2010, plaintiff filed a note of issue, which Dr. Bauer moved

to strike on the ground that plaintiff had not fully complied with his discovery demands.  On May 10, 2010, Supreme Court issued an order stating that, "if such discovery is not obtained within sixty (60) days by the parties, the Note of Issue shall be stricken as of July 12, 2010."  It is undisputed that plaintiff failed to comply with the discovery requests by the court-imposed deadline, and that a new note of issue was never filed.

In December 2011, Dr. Bauer moved for summary judgment dismissing the complaint against him.  In support of the motion, Dr. Bauer asserted, inter alia, that the motion was timely because the note of issue had been stricken.  Plaintiff did not oppose the motion, which the court granted.  The County thereafter commenced a third-party action against third-party defendants Inter-Community Memorial Hospital of Newfane, Inc., and Eastern Niagara Hospital, Inc. (collectively, Hospital), which had a contract with the County to provide medical services to inmates at the jail.  In November 2013, the Hospital moved for summary judgment dismissing the third-party complaint, and the County filed a cross motion for summary judgment dismissing the complaint.  The County did not oppose the Hospital's motion.  Although plaintiff submitted no evidence in opposition to the County's cross motion, he contended that it was untimely because it was not brought within 120 days of the filing of the note of issue (see CPLR 3212 [a]).  In response, the County argued that the 120-day deadline set forth in CPLR 3212 (a) did not apply because the note of issue filed by plaintiff had been stricken by the court's conditional order of May 10, 2010.  The court, without explanation, denied both the motion and cross motion.  We now reverse.

We agree with the Hospital and the County that their respective motion and cross motion were timely.  A conditional, self-executing order, which requires discovery to be complied with by a specific date, becomes absolute on the specified date if the condition has not been met (see Wilson v Galacia Contr. & Restoration Corp., 10 NY3d 827, 830).  To obtain relief from such a conditional order, the defaulting party must demonstrate "(1) a reasonable excuse for the failure to produce the requested items and (2) the existence of a meritorious claim or defense" (Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80; see Gradaille v City of New York, 52 AD3d 279, 282-283).  If the defaulting party fails to proffer a reasonable excuse and a meritorious claim or defense, the court lacks discretion to disregard the self-executing order once it has become absolute (Gibbs, 16 NY3d at 80-81).

Here, as noted, the court's self-executing order of May 10, 2010 provided that the note of issue would be stricken as of July 12, 2010 if plaintiff failed to provide the requested discovery materials within 60 days.  Because plaintiff undisputedly failed to provide the requested discovery materials within that time period, the note of issue was stricken as of July 12, 2010.  Where, as here, a note of issue is struck by court order, it cannot commence the running of the time limit set forth in CPLR 3212 (a) (see Williams v Peralta, 37 AD3d 712, 713).  Thus, contrary to plaintiff's contention, the Hospital's motion and the County's cross motion were not untimely.

We further conclude that the County met its initial burden of establishing entitlement to judgment as a matter of law (*see generally Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853), thus shifting the burden to plaintiff to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Having submitted no evidence in opposition to the County's cross motion, plaintiff failed to meet that burden.  It thus follows that the court erred in denying the cross motion.  Although the County improperly designated its application for summary judgment a "cross motion," plaintiff did not challenge the application on that ground in Supreme Court.  In any event, we conclude that "a technical defect of [that] nature may be disregarded where, as here, there is no prejudice, and the opposing parties had ample opportunity to be heard on the merits of the relief sought" (*Daramboukas v Samlidis*, 84 AD3d 719, 721; *see* CPLR 2001; *see generally New Yorkers for Constitutional Freedoms v New York State Senate*, 98 AD3d 285, 288, *lv denied* 19 NY3d 814).  Finally, as the County concedes, there was no basis for the court to deny the Hospital's unopposed motion.

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court