■ DINERSTEIN & LESSER, P. C., Appellant, v AMBULETTE ASSOCIATION OF NEW YORK, INC., et al., Defendants, and STAR TRANSPORTATION, INC., Respondent. — In an action, *inter alia,* to recover fees for legal services, the plaintiff law firm appeals from so much of an order of the Supreme Couurt, Nassau County (Niehoff, J.), dated May 14, 1981, as conditioned the granting of its motion for a default judgment against defendant Star Transportation, Inc., upon the failure of said defendant to pay plaintiff $100 costs and to serve its answer within a specified time. Order reversed, insofar as appealed from, on the law, with $50 costs and disbursements, the conditions are deleted and the motion is granted unconditionally. The matter is remitted to Special Term for an inquest to assess damages. Respondent had previously applied for and was granted relief from its default in answering. However, it failed to comply with the prior order of Special Term permitting it to serve a late answer. In opposition to plaintiff's motion for a default judgment, respondent neither demonstrated a reasonable excuse for its delay nor provided an affidavit of merits (cf. *Barasch v Micucci,* 49 NY2d 594; *Bruno v Village of Port Chester,* 77 AD2d 580, app dsmd 51 NY2d 769). The excuse proffered for the delay amounted to "law office failure", and as such, was insufficient as a matter of law (see *Barasch v Micucci, supra,* p 599; *Bruno v Village of Port Chester, supra*). Gibbons, J. P., O'Connor, Rubin and Boyers, JJ., concur.