(September 15, 1997)

■ JACOB BENSIMON et al., Appellants, v YALE M. FISHMAN, Respondent, et al., Defendant. [664 NYS2d 726] —In an action to recover damages for ejectment and trespass, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Schmidt, J.), dated September 10, 1996, which, pursuant to CPLR 3215, granted the motion of the defendant Yale M. Fishman for leave to enter a default judgment in his favor and against the plaintiffs upon their failure to serve a reply to counterclaims.

Ordered that the order is affirmed, with costs.

To successfully oppose a motion for leave to enter a default judgment based on a plaintiff's failure to serve a reply to a counterclaim, the plaintiff must demonstrate a reasonable excuse for the delay and provide a meritorious defense (*see, Dinerstein & Lesser v Ambulette Assn.,* 88 AD2d 945). The plaintiffs failed to satisfy this standard. Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.

■ BI-COUNTY CONSTRUCTION CORPORATION, Appellant, v TOWN OF BABYLON, Respondent. (And a Third-Party Action.) [664 NYS2d 726] —In an action to recover damages, *inter alia,* for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 26, 1997, as granted the defendant's cross motion for leave to serve an amended answer asserting an affirmative defense of release.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court did not improvidently exercise its discretion in granting the defendant's cross motion for leave to serve an amended answer in order to assert an affirmative defense of release (*see,* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York,* 60 NY2d 957). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.