■ CENTERPORT INSURANCE AGENCY, INC., Appellant, v ATLANTIC FABRICATORS OF RHODE ISLAND, INC., Doing Business as ATLANTIC TOWERS, et al., Respondents. [715 NYS2d 908] —In an action to recover damages for breach of contract and fraud, the plaintiff appeals from (1) a judgment of the Supreme Court, Suffolk County (Oshrin, J.), entered July 28, 1999, which, upon an order of the same court dated June 11, 1999, conditionally granting the defendants' motion pursuant to CPLR 3126 to strike the complaint, dismissed the complaint, and (2) an order of the same court, dated October 6, 1999, which denied its motion, in effect, for renewal.

Ordered that the judgment is reversed, as a matter of discretion, the order dated June 11, 1999, is vacated, the motion to

strike the complaint is denied, and the complaint is reinstated; and it is further,

Ordered that the appeal from the order dated October 6, 1999, is dismissed as academic in light of the determination on the appeal from the judgment.

The Supreme Court improvidently exercised its discretion in striking the complaint absent a clear showing that the plaintiff's failure to comply with discovery demands was willful, contumacious, or in bad faith (*see,* CPLR 3126; *Vancott v Great Atl. & Pac. Tea Co.,* 271 AD2d 438; *Harris v City of New York,* 211 AD2d 663). The record does not support a finding that the plaintiff willfully and deliberately failed to comply with discovery requests. Rather, the plaintiff complied with the defendants' discovery demands to the best of its ability.

The plaintiff's further contention that the Supreme Court erred in denying its motion, in effect, for renewal, is academic in light of our determination. Krausman, J. P., Florio, Luciano and Schmidt, JJ., concur.