◼ ELFRIEDE DIEL, Appellant, v GAIL ROSENFELD, Respondent. [784 NYS2d 379]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated July 16, 2003, which granted the defendant's motion pursuant to CPLR 3126 (3) to dismiss the complaint.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings consistent herewith.

The defendant was not entitled to the dismissal of the complaint under CPLR 3126 (3) without first moving to compel the deposition she seeks, accompanied by an affirmation that she made a good faith effort to resolve the discovery dispute (*see* 22 NYCRR 202.7 [a]; *Dennis v City of New York,* 304 AD2d 611 [2003]; *Charter One Bank v Houston,* 300 AD2d 429, 430 [2002]; *Hegler v Loews Roosevelt Field Cinemas,* 280 AD2d 645 [2001]; *Barnes v NYNEX, Inc.,* 274 AD2d 368 [2000]). The defendant's attorney failed to demonstrate that any attempt was made to confer with his adversary regarding the resolution of this issue.

Further, while the nature and degree of the penalty to be imposed on a motion pursuant to CPLR 3126 is a matter generally left to the discretion of the Supreme Court (*see Kingsley v Kantor*, 265 AD2d 529 [1999]), to invoke the drastic remedy of striking a pleading, a court must determine that the party's failure to comply with a disclosure order was the result of willful and contumacious conduct (*see Mangiapane v Brookhaven Beach Health Related Facility*, 305 AD2d 642 [2003]; *Patterson v New York City Health & Hosps. Corp.*, 284 AD2d 516 [2001]; *Centerport Ins. Agency v Atlantic Fabricators of Rhode Is.*, 277 AD2d 414 [2000]; *Olmoz v Town of Fishkill*, 258 AD2d 447 [1999]). The record does not support the defendant's contention that the plaintiff's failure to be deposed was the result of willful and contumacious conduct. Accordingly, the Supreme Court improvidently exercised its discretion in granting the defendant's motion pursuant to CPLR 3126 (3) to dismiss the complaint. Prudenti, P.J., Ritter, H. Miller and Spolzino, JJ., concur.