■ MARY ANNE CESTARO, Appellant, v MUN YUEN ROGER CHIN et al., Respondents, et al., Defendants. [799 NYS2d 143]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated April 14, 2004, as granted the motion of the defendants Mun Yuen Roger Chin and Sun Wan Tam Chin pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them, and (2) a judgment of the same court entered June 7, 2004, which, upon an order of the same court dated November 26, 2003, granting those branches of the respective motions of the defendants Citibank, N.A., Verizon, and Product Development Corp. which were to dismiss the complaint insofar as asserted against them for failure to comply with discovery orders, dismissed the complaint insofar as asserted against those defendants.

Ordered that the order dated April 14, 2004, is reversed insofar as appealed from, on the law, the motion of the defendants Mun Yuen Roger Chin and Sun Wan Tam Chin is denied, and the complaint is reinstated insofar as asserted against those defendants; and it is further,

Ordered that the judgment is reversed, on the law, the branches of the respective motions of the defendants Citibank, N.A., Verizon, and Product Development Corp., which were to dismiss the complaint against them for failure to comply with discovery orders are denied, the complaint is reinstated insofar as asserted against those defendants, and the order dated November 26, 2003, is vacated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the respondents appearing separately and filing separate briefs.

Under the circumstances, the Supreme Court erred in granting those branches of the respective motions of the defendants Mun Yuen Roger Chin, Sun Wan Tam Chin, Citibank, N.A., Verizon, and Product Development Corp. which were to dismiss the complaint insofar as asserted against them. Those defendants failed to support their respective motions with an affirmation of a good faith effort to resolve the discovery disputes as required by 22 NYCRR 202.7 (*see Diel v Rosenfeld*, 12 AD3d 558 [2004]; *Dennis v City of New York*, 304 AD2d 611, 613 [2003]; *Fanelli v Fanelli*, 296 AD2d 373 [2002]). The affirmation submitted by Product Development Corp. was deficient in that it did not set forth any good faith effort made to resolve the dispute over the plaintiff's failure to appear for an examination before trial.

In any event, the extreme sanction of dismissing the complaint as against those defendants is not warranted because it does not appear that the plaintiff willfully and contumaciously failed

to appear for an examination before trial and provide complete responses to the discovery demands of Product Development Corp. (*see Cianciolo v Trism Specialized Carriers*, 274 AD2d 369, 370 [2000]; *Vancott v Great Atl. & Pac. Tea Co.*, 271 AD2d 438 [2000]; *Brown v United Christian Evangelistic Assn.*, 270 AD2d 378, 379 [2000]). The plaintiff's counsel made several attempts to reschedule the plaintiff's examination before trial and provided responses to the discovery demands of the defendant Product Development Corp. Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.