■ TERENCE CLARK, Appellant, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., et al., Respondents. [806 NYS2d 633]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered October 26, 2004, which denied his motion to restore the action and, in effect, to vacate any purportedly automatic dismissal of the action pursuant to CPLR 3404.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, and the matter is remitted to the Supreme Court for further proceedings, including the completion of discovery.

Since no note of issue was ever filed in this action, it was never on the trial calendar. In a prior order entered February 21, 2002, the Supreme Court marked the action off the "active" calendar due to discovery delays and the addition of a party defendant. In that order, the Supreme Court stated that if the action were not restored within one year, it would be "deemed dismissed" pursuant to CPLR 3404.

After the plaintiff's original attorney was suspended from the practice of law and the plaintiff retained new counsel, new counsel moved to "restore" the action and for further relief including vacating any automatic dismissal. The Supreme Court denied the motion on the ground that discovery had not been completed.

CPLR 3404 does not apply to this pre-note of issue action (*see Lopez v Imperial Delivery Serv.*, 282 AD2d 190 [2001]). Further, there was no 90-day notice pursuant to CPLR 3216, and there was no order dismissing the complaint pursuant to 22 NYCRR 202.27. Accordingly, there was no basis for the court to deny the motion (*see Torres v Nu-Way Mach. Corp. Co.*, 296 AD2d 545 [2002]).

We reject the defendants' contention that the doctrine of law of the case should apply to the Supreme Court's prior order entered February 21, 2002. The doctrine of law of the case does not apply to rulings, such as action management decisions, which are based on the discretion of the court (*see Latture v Smith*, 304 AD2d 534 [2003]; *Brothers v Bunkoff Gen. Contrs.*, 296 AD2d 764, 765 [2002]). In any event, this Court is not bound by the determinations of the trial court (*see Latture v Smith, supra; Keith v Schulman*, 265 AD2d 380 [1999]; *Fabbricatore v Lindenhurst Union Free School Dist.*, 259 AD2d 659 [1999]). Adams, J.P., Ritter, Goldstein, Skelos and Dillon, JJ., concur.