■ ESTHER TWERSKY, Respondent, v MARYANN KASAKS, Appellant. [808 NYS2d 366]—

In an action, inter alia, for specific performance of an option agreement, the defendant appeals from an order of the Supreme Court, Kings County (M. Garson, J.), dated June 18, 2004, which denied her motion, among other things, for summary judgment dismissing the complaint and for leave to enter judgment upon the plaintiff's default in replying to the counterclaims asserted in the answer, and directed the plaintiff to serve a reply to the counterclaims within 30 days after service of the order with notice of entry.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for leave to enter judgment upon the plaintiff's default in replying to the counterclaims asserted in the answer and directing the plaintiff to serve a reply to the counterclaims within 30 days after service of the order with notice of entry and substituting therefor a provision granting that branch of the motion, with regard to liability only, without prejudice to the plaintiff's prosecution of the complaint; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

In May 2002 the plaintiff commenced this action for specific performance of an option agreement to purchase real property and for injunctive relief. On July 2, 2002, the defendant served an answer which included, inter alia, three counterclaims. The first and second counterclaims sought to recover damages for

certain allegedly unauthorized renovations/alterations the plaintiff made to the subject property. In the third counterclaim, the defendant asserted, among other things, that as a result of the plaintiff's tortious conduct, she had been prevented from selling the subject property at fair market value. The plaintiff's time to reply to the counterclaims expired with the plaintiff neither serving a reply nor requesting an extension of time within which to do so. By order dated March 5, 2003, the Supreme Court, inter alia, directed that a reply to the counterclaims be served within 30 days. The plaintiff failed to comply with that order. Thereafter, the defendant moved, among other things, for leave to enter judgment upon the plaintiff's default in replying to the counterclaims and for an inquest on the issue of damages. The plaintiff did not address that branch of the defendant's motion in its papers in opposition to the motion. The Supreme Court denied that branch of the motion and, instead, directed the plaintiff to serve a reply within 30 days after service of a copy of the order with notice of entry.

"In order to successfully oppose a motion for leave to enter a default judgment based upon the plaintiff's failure to serve a reply to a counterclaim, a plaintiff must establish a reasonable excuse for the delay and demonstrate a meritorious defense" (*Beizer v Funk*, 5 AD3d 619, 620 [2004]; *see Bensimon v Fishman*, 242 AD2d 551 [1997]; *cf. Loria v Plesser*, 267 AD2d 213, 214 [1999]). Here, the plaintiff failed to proffer any excuse whatsoever for her failure to serve a reply to the counterclaims. Accordingly, under the particular circumstances of this case, we grant that branch of the motion which was for leave to enter judgment upon the plaintiff's default in replying to the counterclaims contained in the answer, with regard to liability only. As to the first and second counterclaims, which are not dependent upon a finding that the plaintiff is not entitled to specific performance, the portion of these counterclaims which are to recover damages may proceed, if the defendant be so advised. As to the third counterclaim, the defendant is entitled to a default judgment on the issue of liability, meaning that she will not be required to prove that the plaintiff's alleged tortious conduct prevented her from selling the subject property at fair market value. However, the third counterclaim cannot go forward unless there is a determination that the plaintiff is not entitled to specific performance, as an award of damages on the third counterclaim would be inconsistent with a finding that the plaintiff was entitled to specific performance. Accordingly, the final determination of that counterclaim must await resolution of the plaintiff's cause of action for specific performance, and we remit the matter to the Supreme Court, Kings County, for that purpose.

The Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint. The defendant failed to make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendant's remaining contentions are without merit. Adams, J.P., S. Miller, Ritter and Rivera, JJ., concur.