▪ Susan Mawson et al., Appellants, v Historic Properties, LLC et al., Respondents. [817 NYS2d 364]—

In an action, inter alia, to recover damages for intentional infliction of emotional distress and defamation, the plaintiffs appeal from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated October 28, 2005, which granted the defendants' motion pursuant to CPLR 3126 to strike the complaint and their reply to the counterclaims, and also, in effect, dismissed the complaint on the ground that the action was without merit.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the motion is denied, and the complaint and the plaintiffs' reply to the counterclaims are reinstated.

The Supreme Court improvidently exercised its discretion in striking the complaint and reply to the counterclaims absent a clear showing that the plaintiffs' failure to comply with discovery demands was willful and contumacious (*see* CPLR 3126; *Lombardo v St. Francis Hosp. Rehabilitation Servs.*, 16 AD3d 385 [2005]; *Centerport Ins. Agency v Atlantic Fabricators of Rhode Is.*, 277 AD2d 414 [2000]; *Vancott v Great Atl. & Pac. Tea Co.*, 271 AD2d 438 [2000]). The record supports a finding that the plaintiffs substantially, albeit tardily, complied with the defendants' discovery demands and that their conduct was not willful and contumacious (*see Lombardo v St. Francis Hosp. Rehabilitation Servs.*, *supra*; *Centerport Ins. Agency v Atlantic Fabricators of Rhode Is.*, *supra*; *Payne v Rouse Corp.*, 269 AD2d 510 [2000]).

The Supreme Court erred in additionally dismissing the complaint on the merits in the absence of an application for such relief or notice to the parties (*see Jacobs v Mostow*, 23 AD3d 623 [2005]; *Hoeffner v John F. Frank, Inc.*, 302 AD2d 428, 430 [2003]; *First Union Mtge. Corp. v Fern*, 298 AD2d 490 [2002]; *Gibbs v Kinsey*, 120 AD2d 701 [1986]). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.