■ Tangy Faulkner, Appellant, v City of New York, Respondent. [819 NYS2d 473]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated July 8, 2005, as denied those branches of her motion which were to strike the defendant's answer or, in the alternative, to compel further discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to strike the defendant's answer because the plaintiff failed to establish that the defendant willfully, contumaciously, or in bad faith failed to comply with a discovery order or delayed the progress of discovery (*see* CPLR 3126 [3]; *Kuzmin v Visiting Nurse Serv. of N.Y.,* 22 AD3d 643, 643-644 [2005]; *Pascarelli v City of New*

*York,* 16 AD3d 472, 472-473 [2005]; *Diel v Rosenfeld,* 12 AD3d 558, 559 [2004]).

The unsubstantiated and hearsay statements of the plaintiff's counsel were insufficient to warrant the production of an employee of the New York City Fire Department for a deposition (*see Uvaydova v New York Tel. Co.,* 226 AD2d 626, 627 [1996]; *Zollner v City of New York,* 204 AD2d 626, 627 [1994]; *see also D & S Realty Dev. v Town of Huntington,* 295 AD2d 306, 307-308 [2002]), or New York City Fire Department records (*see* CPLR 3101 [a]; *Chervin v Macura,* 28 AD3d 600 [2006]; *Crazytown Furniture v Brooklyn Union Gas Co.,* 150 AD2d 420, 421 [1989]). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to compel further discovery. Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.