■ BARBARA NEWELL, Appellant, v FORD MOTOR CREDIT COMPANY, Defendant, and J.R.'s TOWING AND RECOVERY INCORPORATED, Respondent. [828 NYS2d 196]—

In an action, inter alia, to recover damages for assault and negligence, the plaintiff appeals (1) from so much of an order of the Supreme Court, Nassau County (Parga J.), entered October 17, 2005, as conditionally granted the motion of the defendant J.R.'s Towing and Recovery Incorporated pursuant to CPLR 3126 to strike the complaint insofar as asserted against it unless the plaintiff complied with its notice for discovery and inspection within 30 days of the date of the order, and (2) an order of the same court dated January 26, 2006 which granted that defendant's motion to strike the complaint insofar as asserted against it upon the plaintiff's alleged failure to comply with the notice of discovery and inspection and denied that branch of the plaintiff's cross motion which was, in effect, for leave to reargue the order entered October 17, 2005.

Ordered that, upon the plaintiff's application, the appeal from the order entered October 17, 2005 is dismissed as withdrawn; and it is further,

Ordered that the appeal from so much of the order dated January 26, 2006 as denied that branch of the plaintiff's cross motion which was, in effect, for leave to reargue is dismissed, as no appeal lies from the denial of a motion for leave to reargue; and it is further,

Ordered that the order dated January 26, 2006 is reversed insofar as reviewed, the order entered October 17, 2005 is vacated, and the motion of the defendant J.R.'s Towing and Recovery Incorporated to strike the complaint insofar as asserted against it unless the plaintiff complied with its notice for discovery and inspection within 30 days of the date of the order is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The drastic remedy of striking the complaint was not warranted here because the plaintiff substantially complied with the notice of discovery and inspection of the defendant J.R.'s Towing and Recovery Incorporated, and the record does not show that the plaintiff willfully or contumaciously failed to

comply with the court's order entered October 17, 2005 (*see* CPLR 3126 [3]; *Kuzmin v Visiting Nurse Serv. of N.Y.,* 22 AD3d 643, 643-644 [2005]; *Pascarelli v City of New York,* 16 AD3d 472 [2005]; *Diel v Rosenfeld,* 12 AD3d 558, 559 [2004]; *Byrne v City of New York,* 301 AD2d 489, 490 [2003]; *Harris v City of New York,* 211 AD2d 663, 664 [1995]).

The plaintiff's appeal from so much of the order dated January 26, 2006 as denied that branch of her cross motion which was, in effect, for leave to reargue must be dismissed, as no appeal lies from an order denying leave to reargue (*see Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc.,* 29 AD3d 894 [2006]). Schmidt, J.P., Rivera, Skelos and Lunn, JJ., concur.