CARMEN A. TINE, Appellant-Respondent, v COURTVIEW OWNERS CORP., et al., Respondents-Appellants. [838 NYS2d 92]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated June 9, 2006, as granted the defendants' cross motion pursuant to CPLR 3126 to strike the complaint, and the defendants cross-appeal from so much of the same order as granted the plaintiff's motion pursuant to CPLR 3126 to strike their answer.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the motion and cross motion are denied.

The Supreme Court improvidently exercised its discretion in granting the defendants' cross motion pursuant to CPLR 3126 to strike the complaint absent a showing that the plaintiff's failure to comply with discovery demands was willful and contumacious (*see* CPLR 3126; *Lombardo v St. Francis Hosp. Rehabilitation Servs.*, 16 AD3d 385, 386 [2005]; *Centerport Ins. Agency v Atlantic Fabricators of Rhode Is.*, 277 AD2d 414, 415 [2000]; *Vancott v Great Atl. & Pac. Tea Co.*, 271 AD2d 438 [2000]). The plaintiff's refusal or delay in signing the transcript of her examination before trial in another action was not a disclosure violation and did not prejudice the defendants since, after the 60-day statutory period, the transcript may have been used as if it were signed (*see* CPLR 3116 [a]; *Moak v Raynor*, 28 AD3d 900, 904 [2006]; *Ireland v GEICO Corp.*, 2 AD3d 917, 918 [2003]).

Furthermore, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion pursuant to CPLR 3126 to strike the defendants' answer. The affirmation submitted by the plaintiff's attorney was deficient in that it did not set forth any good faith effort to resolve the issue of the defendants' failure to appear for examinations before trial (*see* 22 NYCRR 202.7; *Chervin v Macura*, 28 AD3d 600, 602 [2006]; *Cestaro v Chin*, 20 AD3d 500, 501 [2005]; *Barnes v NYNEX, Inc.*, 274 AD2d 368 [2000]). In any event, the extreme sanction of striking the defendants' answer was not warranted absent a showing that the defendants willfully and contumaciously failed to appear for examinations before trial (*see* *Cestaro v Chin, supra; Cianciolo v Trism Specialized Carriers*, 274 AD3d 369, 370 [2000]; *Olmoz v Town of Fishkill*, 258 AD2d 447, 448 [1999]). Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.