■ Accounts Receivable Solutions, Inc., Respondent, v Tompkins Trustco, Inc., Doing Business as Mahopac National Bank, et al., Appellants. [846 NYS2d 272]—In an action, inter alia, to recover damages for violating a restraining notice, the defendants, Tompkins Trustco, Inc., doing business as Mahopac National Bank and Mahopac National Bank, appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated October 19, 2006, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Mahopac National Bank and denied those branches of their cross motion which were to dismiss the complaint pursuant to CPLR 3126 and for summary judgment dismissing the complaint, and (2) from a judgment of the same court entered November 16, 2006, which, upon the order, was in favor of the plaintiff and against the defendant Mahopac National Bank in the principal sum of $5,053.22. The notice of

appeal from the order dated October 19, 2006, is deemed also to be a notice of appeal from the judgment (see CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed insofar as it relates to the defendant Mahopac National Bank; and it is further,

Ordered that the appeal by the defendant Tompkins Trustco, Inc., doing business as Mahopac National Bank from the judgment is dismissed, as that defendant is not aggrieved by the judgment; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Tompkins Trustco, Inc., doing business as Mahopac National Bank; and it is further,

Ordered that the judgment is reversed, on the law, that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Mahopac National Bank is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendant Mahopac National Bank.

The appeal from the intermediate order must be dismissed as to the defendant Mahopac National Bank because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised by the defendant Mahopac National Bank on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff demonstrated its entitlement to judgment as a matter of law against the defendant Mahopac National Bank based on its negligent violation of a restraining notice (see CPLR 5222; see generally Aspen Indus. v Marine Midland Bank, 52 NY2d 575, 580 [1981]; Security Trust Co. of Rochester v Magar Homes, 92 AD2d 714, 715 [1983]; Nardone v Long Is. Trust Co., 40 AD2d 697 [1972]; Mazzuka v Bank of N. Am., 53 Misc 2d 1053, 1056 [1967]). Mahopac National Bank, in turn, raised a triable issue of fact as to whether it acted negligently (see CPLR 5222; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Given that issue of fact, the court properly denied that branch of the defendants' cross motion which was for summary judgment dismissing the complaint. However, the court also should have denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Mahopac National Bank.

The court providently exercised its discretion in denying that branch of the defendants' cross motion which was to dismiss the complaint pursuant to CPLR 3126 because they did not demonstrate that the plaintiff willfully, contumaciously, or in bad faith failed to comply with the preliminary conference order or respond to their discovery demands (*see* CPLR 3126 [3]; *Faulkner v City of New York,* 32 AD3d 452 [2006]; *Kuzmin v Visiting Nurse Serv. of N.Y.,* 22 AD3d 643, 643-644 [2005]; *Cestaro v Chin,* 20 AD3d 500, 501 [2005]; *Diel v Rosenfeld,* 12 AD3d 558, 559 [2004]). Spolzino, J.P., Krausman, Carni and Dickerson, JJ., concur.