■ BRIAN SULLIVAN et al., Appellants, v BAYDA NIGRO et al., Respondents, et al., Defendants. (And Another Title.) [849 NYS2d 786]—

In an action to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated February 16, 2007, which denied their motion, in effect, to enforce a self-executing order of the same court (Cohalan, J.), dated July 26, 2006, striking the answer of the defendant Huntington Hospital Associates unless discovery demands were complied with.

Ordered that the order is affirmed, with costs.

Actions should be resolved on the merits wherever possible, and the nature and degree of the penalty to be imposed upon noncompliance with discovery demands is a matter of discretion with the court (*see Espinal v City of New York*, 264 AD2d 806 [1999]; *Soto v City of Long Beach*, 197 AD2d 615 [1993]; *Cruzatti v St. Mary's Hosp.*, 193 AD2d 579 [1993]). In addition, the drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful and contumacious (*see Harris v City of New York*, 211 AD2d 663, 664 [1995]). The moving party must clearly demonstrate that the failure to comply was willful and contumacious (*see Pascarelli v City of New York*, 16 AD3d 472, 473 [2005]).

In light of the substantial compliance with the discovery demands, the Supreme Court providently exercised its discretion in determining that the remedy of striking the answer of the defendant Huntington Hospital Association was not warranted (*see Newell v Ford Motor Credit Co.*, 36 AD3d 675 [2007]; *Zouev v City of New York*, 32 AD3d 850, 851 [2006]). Contrary to plaintiffs' contention, the doctrine of law of the case does not

apply to the Supreme Court's prior order dated July 26, 2006 (*see Kswani v Lutheran Med. Ctr.,* 27 AD3d 424, 425 [2006]; *Clark v Great Atl. & Pac. Tea Co., Inc.,* 23 AD3d 510, 511 [2005]). Mastro, J.P., Lifson, Covello and Angiolillo, JJ., concur.