(October 28, 2008)

■ ACME ANC CORP., Appellant, v GEORGE READ et al., Respondents, et al., Defendant. [866 NYS2d 359]—

In an action, inter alia, to recover damages for breach of contract and on an account stated, the plaintiff appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered October 24, 2007, as granted those branches of the motion of the defendants George Read and Jayne Read which were, in effect, for leave to enter a judgment in favor of those defendants and against it on the issue of liability on the counterclaims upon the plaintiff's failure to serve a timely reply thereto, and pursuant to CPLR 3126 to strike the complaint insofar as asserted against them, and (2) so much of an order of the same court entered January 31, 2008, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order entered October 24, 2007, is dismissed, without costs or disbursements, as that order was superseded by the order entered January 31, 2008, made upon reargument; and it is further,

Ordered that the order entered January 31, 2008, is modified, on the facts and in the exercise of discretion, by deleting the

provision thereof which, upon reargument, adhered to so much of the original determination in the order entered October 24, 2007, as granted that branch of the motion which was to strike the complaint, and substituting therefor a provision, upon reargument, vacating so much of the order entered October 24, 2007, as granted that branch of the motion which was to strike the complaint and thereupon denying that branch of the motion; as so modified, the order entered January 31, 2008, is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court providently exercised its discretion in granting that branch of the respondents' motion which was, in effect, for leave to enter a judgment in their favor and against the plaintiff on the issue of liability on their counterclaims based upon the plaintiff's failure to serve a timely reply. The plaintiff failed to demonstrate a reasonable excuse for the two-year delay in serving a reply to the counterclaims (*see Twersky v Kasaks*, 24 AD3d 657, 658 [2005]; *Bensimon v Fishman*, 242 AD2d 551 [1997]; *cf. MMG Design, Inc. v Melnick*, 35 AD3d 823 [2006]).

The Supreme Court, however, upon reargument, improvidently exercised its discretion in granting that branch of the respondents' motion which was to strike the complaint absent a clear showing that the plaintiff's failure to comply with disclosure was willful and contumacious (*see* CPLR 3126; *Manko v Lenox Hill Hosp.*, 44 AD3d 1014 [2007]; *Russo v Tolchin*, 35 AD3d 431, 434 [2006]; *Kuzmin v Visiting Nurse Serv. of N.Y.*, 22 AD3d 643 [2005]). Here, the plaintiff substantially, albeit tardily, complied with the respondents' discovery demands by serving a verified bill of particulars and a response to the respondents' request for discovery and inspection (*see Resnick v Schwarzkopf*, 41 AD3d 573 [2007]; *Mawson v Historic Props., LLC*, 30 AD3d 480 [2006]; *Little v Long Is. Jewish Med. Ctr.*, 231 AD2d 496 [1996]). Furthermore, there was no affirmation that the respondents' attorney had conferred with the plaintiff's attorney in a good-faith effort to resolve the issue regarding the plaintiff's failure to comply with disclosure (*see* 22 NYCRR 202.7 [a] [2]; *Walter B. Melvin, Architects, LLC v 24 Aqueduct Lane Condominium*, 51 AD3d 784 [2008]; *Tine v Courtview Owners Corp.*, 40 AD3d 966, 967 [2007]). Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur.