In an action to recover damages for personal injuries and wrongful death, etc., the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Holder, J.), dated January 22, 2008, as only conditionally granted that branch of his motion which was pursuant to CPLR 3126 to strike the answer of the defendant New York City Transit Authority unless it produced two named witnesses for deposition and paid a sanction in the sum of $2,500 to his attorney.
Ordered that the order is affirmed insofar as appealed from, with costs.
The Supreme Court providently exercised its discretion in only conditionally granting that branch of the plaintiffs motion which was pursuant to CPLR 3126 to strike the answer of the defendant New York City Transit Authority (hereinafter NYCTA). The drastic remedy of striking a defendant’s answer is not warranted where there is no clear showing that its failure to comply with discovery demands or orders was willful and contumacious (see CPLR 3126; Tine v Courtview Owners Corp., 40 AD3d 966 [2007]; Gateway Tit. & Abstract, Inc. v Your Home Funding, Inc., 40 AD3d 919 [2007]; Torres v Lowinger, 12 AD3d 363 [2004]). Here, the record demonstrates that NYCTA substantially complied with its discovery obligation under a *739 prior court order by timely advising the plaintiff, in writing, that the two witnesses at issue were available and asking that the plaintiffs attorney contact NYCTA’s counsel to schedule the depositions (see Sullivan v Nigro, 48 AD3d 454 [2008]). Although NYCTA previously had been dilatory in making these witnesses available, it was within the Supreme Court’s discretion to impose a monetary sanction against NYCTA in lieu of striking its answer (see CPLR 3126; O’Neill v Ho, 28 AD3d 626 [2006]; Garan v Don & Walt Sutton Bldrs., Inc., 27 AD3d 521, 523 [2006]).
Moreover, contrary to the plaintiffs’ contention, the doctrine of law of the case did not preclude the Supreme Court from granting NYCTA an additional extension of time within which to schedule the depositions (see Sullivan v Nigro, 48 AD3d 454 [2008]; Kswani v Lutheran Med. Ctr., 27 AD3d 424, 425 [2006]; Clark v Great Atl. & Pac. Tea Co., Inc., 23 AD3d 510, 511 [2005] ). Spolzino, J.P., Santucci, Miller, Dickerson and Eng, JJ., concur.