■ Shirley Hutchinson, Respondent, v Glen Langer et al., Defendants, and Morris Rashal et al., Appellants. [896 NYS2d 439]—

In an action, inter alia, to recover damages for injury to property, the defendants Morris Rashal and Maris Development, Ltd., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated March 26, 2009, as denied their motion pursuant to CPLR 3126, among other things, to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The drastic remedy of dismissing a complaint based on a plaintiff's failure to comply with court-ordered disclosure should be granted only where there is a clear showing that the plaintiff's conduct was willful and contumacious (*see ACME ANC Corp. v Read*, 55 AD3d 854, 855 [2008]; *Brown v Astoria Fed. Sav.*, 51 AD3d 961, 962 [2008]; *Suazo-Alvarez v Nordlaw, LLC*, 48 AD3d 670 [2008]; *Robinson v Pediatric Assoc. of Irwin Ave.*, 307 AD2d 1029, 1030 [2003]). Here, the Supreme Court did not improvidently exercise its discretion in denying the appellants' motion pursuant to CPLR 3126, among other things, to dismiss the complaint insofar as asserted against them. The record supports a finding that "the plaintiff substantially, albeit tardily, provided the requested disclosure, and her conduct was not willful and contumacious" (*Resnick v Schwarzkopf*, 41 AD3d

573 [2007]; *see ACME ANC Corp. v Read*, 55 AD3d at 855; *Mawson v Historic Props., LLC*, 30 AD3d 480, 481 [2006]).

The appellants' remaining contentions are without merit. Dillon, J.P., Miller, Balkin, Leventhal and Austin, JJ., concur.