■ Eddy Donis et al., Respondents, v Duane Reade Drug Stores, Inc., Defendant/Third-Party Plaintiff-Appellant. Sottile Security Services, Inc., Third-Party Defendant. [903 NYS2d 901]—In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Queens County (Brathwaite-Nelson, J.), dated March 31, 2009, as, in effect, upon reargument, granted that branch of the plaintiffs' prior motion which was to restore the action to active status, which had been denied in a prior order of the same court dated November 3, 2008, and referred the matter to a referee for a conference on disclosure, (2) from an order of the same court, also dated March 31, 2009, which, in effect, upon reargument, inter alia, vacated a prior order of the same court dated March 2, 2007, upon a stipulation of the parties, among other things, directing that discovery be completed by June 5, 2008, and granting the plaintiffs leave to move to restore the action to the trial calendar "by motion on notice returnable no later than June 5, 2008," and (3), from an order of the same court, also dated March 31, 2009, which, in effect, upon reargument, inter alia, vacated the prior order dated November 3, 2008.

Ordered that the first order dated March 31, 2009 is affirmed insofar as appealed from; and it is further,

Ordered that the second order dated March 31, 2009 is affirmed; and it is further,

Ordered that the third order dated March 31, 2009 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

Decisions involving the management of cases on the court's calendar are within the discretion of that court (*see Clark v Great Atl. & Pac. Tea Co., Inc.*, 23 AD3d 510, 511 [2005]; *Latture v Smith*, 304 AD2d 534, 535 [2003]). Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion.

We decline the plaintiffs' request to impose sanctions against the appellant in connection with these appeals (*see* 22 NYCRR 130-1.1).

Motion by the respondents on appeals from three orders of the Supreme Court, Queens County, each dated March 31, 2009, inter alia, to dismiss the appeals on the grounds that they have been rendered academic, that no appeal lies from an order denying leave to reargue, and that the appeals are frivolous. By decision and order on motion of this Court dated January 6, 2010 [2009 NY Slip Op 90383(U)], that branch of the motion which was to dismiss the appeals on the grounds that they have been rendered academic, that no appeal lies from an order denying leave to reargue, and that the appeals are frivolous, was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which was to dismiss the appeals on the grounds that they have been rendered academic, that no appeal lies from an order denying leave to reargue, and that the appeals are frivolous, is denied. Mastro, J.P., Covello, Belen and Hall, JJ., concur.