In an action to enforce certain personal guarantees, the plaintiff appeals from an order of the Supreme Court, Rockland County (Jamieson, J.), entered June 28, 2011, which granted the motion of the defendant Thomas B. Vanderbeek to dismiss the second amended complaint insofar as asserted against him, inter alia, for failure to comply with a 20-day deadline contained in an order of the same court dated January 6, 2011.
Ordered that the order entered June 28, 2011, is reversed, on the law and in the exercise of discretion, with costs, and the motion of the defendant Thomas B. Vanderbeek to dismiss the second amended complaint insofar as asserted against him is denied.
In 2010, the plaintiff commenced this action against the defendant Thomas B. Vanderbeek to enforce certain personal guarantees executed by Vanderbeek relating to two promissory notes. On or about August 31, 2010, the plaintiff amended the complaint. In an order dated January 6, 2011, the Supreme Court directed the plaintiff to further “amend the complaint within 20 days from the date of receipt” of that order to “add all of the co-guarantors as party defendants.” The plaintiffs counsel received a copy of the order dated January 6, 2011, on January 18, 2011. Thus, the plaintiff was required to comply with the order on or before February 7, 2011. Instead, the plaintiff served a second amended complaint upon Vanderbeek on February 22, 2011.
Vanderbeek moved to dismiss the second amended complaint insofar as asserted against him, inter alia, on the ground that the plaintiff failed to comply with the 20-day deadline contained in the order dated January 6, 2011, and the Supreme Court granted Vanderbeek’s motion on that ground. The plaintiff appeals, and we reverse.
In light of the lack of prejudice or surprise to Vanderbeek *559 resulting from the plaintiffs de minimus delay in amending the complaint (see generally CPLR 3025 [b]; McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755, 757 [1983]; Klughaupt v Hi-Tower Contrs., Inc., 64 AD3d 545, 546 [2009]), the reasonable excuse provided by the plaintiff for the delay (see Bevilacqua v Bloomberg, L.P., 70 AD3d 411, 413 [2010]), and the public policy favoring the resolution of cases on the merits (see Mironer v City of New York, 79 AD3d 1106, 1107 [2010]; Sullivan v Nigro, 48 AD3d 454 [2008]; 1523 Real Estate, Inc. v East Atl. Props., LLC, 41 AD3d 567, 568 [2007]), the Supreme Court should not have granted Vanderbeek’s motion to dismiss the second amended complaint insofar as asserted against him on the ground of untimeliness.
Contrary to Vanderbeek’s contention, he failed to demonstrate that a “necessary party” was not joined by the plaintiff in the second amended complaint (see CPLR 1003, 1001 [a]; Malaty v Malaty, 95 AD3d 961 [2012]). Rivera, J.P., Florio, Eng and Roman, JJ., concur.