Ye Wu v Xiao Qing Li (2019 NY Slip Op 04994)





Ye Wu v Xiao Qing Li


2019 NY Slip Op 04994


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-10398
 (Index No. 711382/15)

[*1]Ye Wu, respondent, 
v
Xiao Qing Li, etc., appellant.


Kaufman Borgeest & Ryan LLP, Valhalla, NY (Rebecca A. Barrett and Jacqueline Mandell of counsel), for appellant.
Law Office of Ming Hai, P.C., Flushing, NY (Paul Siegert of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the defendant appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), dated August 23, 2017. The order, insofar as appealed from, denied the defendant's motion, inter alia, pursuant to CPLR 3126 to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action after approval of her I-360 petition for legal permanent residence was revoked due to statements made by the defendant to the United States Citizenship and Immigration Services. The defendant moved, inter alia, pursuant to CPLR 3126 to dismiss the complaint on the ground that the plaintiff had not complied with certain discovery demands. The Supreme Court denied the motion, and the defendant appeals.
Contrary to the defendant's contention, she failed to demonstrate willful or contumacious conduct on the part of the plaintiff (see Walter B. Melvin, Architects, LLC v 24 Aqueduct Lane Condominium, 51 AD3d 784; Zouev v City of New York, 32 AD3d 850; Euro-Central Corp. v Dalsimer, Inc., 22 AD3d 793; Cestaro v Chin, 20 AD3d 500). Under the circumstances, the "drastic remedy" of striking a pleading is not appropriate in this matter (Kanic Realty Assoc., Inc. v Suffolk County Water Auth., 130 AD3d 876, 877 [internal quotation marks omitted]). Moreover, no other remedy is warranted pursuant to CPLR 3126 based upon this record.
The defendant's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's denial of the defendant's motion, inter alia, pursuant to CPLR 3126 to dismiss the complaint.
DILLON, J.P., LEVENTHAL, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court