JBBNY, LLC v Dedvukaj (2025 NY Slip Op 02577)

JBBNY, LLC v Dedvukaj

2025 NY Slip Op 02577

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-10580
2023-10581
 (Index No. 50433/15)

[*1]JBBNY, LLC, etc., respondent, 
v
Victor Dedvukaj, et al., appellants, et al., defendants.

Michael Kennedy Karlson, New York, NY, for appellants.
Fein, Such & Crane LLP, Rochester, NY (Michael S. Hanusek of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Victor Dedvukaj and Violeta Dedvukaj appeal from (1) an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated September 29, 2023, and (2) an amended order of the same court dated September 29, 2023. The order and amended order, insofar as appealed from, granted the plaintiff's motion, inter alia, to compel the defendants Victor Dedvukaj and Violeta Dedvukaj to accept its late reply to those defendants' counterclaims.
ORDERED that the appeal from the order is dismissed, as that order was superseded by the amended order; and it is further,
ORDERED that the amended order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In January 2015, the plaintiff commenced this action to foreclose a mortgage. The defendants Victor Dedvukaj and Violeta Dedvukaj (hereinafter together the defendants) moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. In an order dated June 24, 2015, the Supreme Court denied the motion. On October 1, 2015, the defendants interposed an answer asserting various affirmative defenses and counterclaims. The counterclaims sought declaratory relief based on the plaintiff's alleged lack of standing. The plaintiff rejected the answer as untimely and moved, inter alia, for a judgment of foreclosure and sale. The defendants opposed and cross-moved, among other things, for leave to enter a default judgment against the plaintiff for its failure to reply to the counterclaims. The court granted the motion and denied the cross-motion, but on appeal, this Court, inter alia, determined that the answer was timely and directed the plaintiff to accept service of the answer (see JBBNY, LLC v Dedvukaj, 171 AD3d 898).
On July 13, 2021, the plaintiff served a reply to the counterclaims, which the defendants rejected as untimely. Thereafter, the plaintiff moved, among other things, to compel the defendants to accept its late reply to the counterclaims. In an amended order dated September 29, 2023, the Supreme Court, inter alia, granted the motion. The defendants appeal.
"Upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default" (CPLR 3012[d]). Where the plaintiff has failed to serve a timely reply to the defendant's counterclaim, the plaintiff must demonstrate a reasonable excuse for its delay in serving a reply and a potentially meritorious defense to the counterclaim (see MMG Design, Inc. v Melnick, 35 AD3d 823, 823; Twersky v Kasaks, 24 AD3d 657, 658). "Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Patel v New York City Tr. Auth., 199 AD3d 925, 927; see Young Su Hwangbo v Nastro, 153 AD3d 963, 965). "A 'court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue'" (Guilfoyl v Watts, 212 AD3d 785, 786, quoting Bank of Am., N.A. v Murjani, 199 AD3d 630, 631; see Melendez v John P. Picone, Inc., 215 AD3d 665, 665-666).
Here, the Supreme Court providently exercised its discretion in granting the plaintiff's motion, among other things, to compel the defendants to accept its late reply to the counterclaims. An affirmation of the plaintiff's counsel submitted in support of the motion was sufficient to establish the proffered excuse of law office failure. There was no intent by the plaintiff to abandon its defense to the counterclaims, nor were the defendants prejudiced by the delay, and public policy favors resolution of cases on the merits (see Patel v New York City Tr. Auth., 199 AD3d at 927; Mollica v Ruzza, 151 AD3d 714, 715). In addition, the plaintiff demonstrated a potentially meritorious defense to the counterclaims (see Patel v New York City Tr. Auth., 199 AD3d at 927; see also HSBC Bank USA, N.A. v Michalczyk, 211 AD3d 914, 918).
The defendants' remaining contention is not properly before this Court.
BARROS, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court