■ GILBERT ORTIZ, an Infant, by His Mother and Natural Guardian, ANGELA SOSA, et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent. [811 NYS2d 11]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered April 15, 2004, which, in an action for personal injuries sustained by infant plaintiff in an assault and robbery on school property, denied plaintiff's motion to strike defendant Board of Education's answer for failure to comply with prior disclosure orders, unanimously affirmed, without costs.

The alleged assault and robbery occurred in October 1992 and the action was commenced in October 1993. In an order

entered August 1998 upon plaintiff's CPLR 3126 motion to strike defendant's answer, the court directed defendant's production of, inter alia, the log books of two named school security officers, "if available," and, "[i]f [defendant] upon contacting said security officers learns that those log books are no longer in existence, they [*sic*] shall provide plaintiff with an affidavit to that effect." Unlike other items directed to be produced by this order, there was no time limit for production of the log books. More than two years later, in October 2000, plaintiff again moved to strike defendant's answer, and, in an order entered October 2000, the court struck defendant's answer unless it complied with the August 1998 order within 60 days. Within 60 days, in December 2000, in purported compliance with the August 1998 order, defendant provided, inter alia, an affidavit from the responsible school security official stating that he had searched for the log books where they would normally be kept and could not find them. Almost three years later, in November 2003, plaintiff made the instant motion to "confirm" the striking of defendant's answer, arguing that defendant's December 2000 affidavit was noncompliant with the August 1998 order because it did not indicate that defendant had contacted the two security officers. Defendant opposed, asserting that its unsuccessful search for the log books was conducted after its attorney had attempted to contact the security officers at the school and was told that one of the officers no longer worked there and that there was no information regarding the other.

While defendant was certainly lax in initiating attempts to locate the log books as required by the August 1998 order, such laxity was reviewed upon plaintiff's second motion to strike, and conditionally excused in the October 2000 unappealed 60-day striking order. Given plaintiff's three-year delay in challenging the December 2000 affidavit that defendant provided in connection with that order, and the absence of a showing that the representations made in that affidavit, or in defendant's opposition to the instant motion elaborating upon that affidavit, are false, further consideration of defendant's compliance efforts with the August 1998 order is not warranted (*cf. Frye v City of New York*, 228 AD2d 182 [1996]). Concur—Mazzarelli, J.P., Marlow, Williams, Sweeny and Malone, JJ.