■ SEWARD PARK HOUSING CORPORATION, Respondent, v GREATER NEW YORK MUTUAL INSURANCE COMPANY, Appellant. [896 NYS2d 8]—

Appeal from order, Supreme Court, New York County (Louis B. York, J.), entered July 27, 2009, to the extent it granted plaintiff's motion to preclude the testimony of defendant's proposed expert witness concerning the reasonableness of plaintiff's reconstruction delays and how long the project should have taken to complete, unanimously dismissed, with costs.

An evidentiary ruling made before trial is generally reviewable only in connection with an appeal from a judgment rendered after trial; there is no discrete appeal from the order granting plaintiff's motion to preclude portions of the proposed expert's testimony (*see Santos v Nicolas*, 65 AD3d 941 [2009]). The proposed testimony does not clearly involve the merits of the controversy or a substantial right (*cf. Matter of City of New York v Mobil Oil Corp.*, 12 AD3d 77, 80-81 [2004]).

Were we to reach the merits, we would affirm. No special skill, training or expertise is required to assess whether or not plaintiff acted with "reasonable" speed to rebuild the garage. Defendant's expert may testify concerning the procedures and phases in reconstructing a multimillion-dollar garage, and his experience, including as to timing, to the extent it involved a comparable project. The reasonableness of the delays here is an issue for the jury, after instruction from the court regarding the applicable law. Concur—Mazzarelli, J.P., Acosta, Renwick and Freedman, JJ. **[Prior Case History: 25 Misc 3d 772.]**