Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered October 24, 2013, which, to the extent appealed from as limited by the briefs, granted defendants’ pretrial motion in limine to preclude plaintiff from offering the testimony of his legal malpractice expert, the testimony of the alleged tortfeasors in the underlying action, evidence relating to defendants’ alleged negligence in prosecuting the underlying action, and evidence of post-settlement damages, unanimously modified, on the law, to deny the motion except as to post-settlement damages, and otherwise affirmed, without costs.
The order is appealable, since it did not merely determine the admissibility of evidence, but also limited the scope of issues to be tried (see Rott v Negev, LLC, 102 AD3d 522 [1st Dept 2013]; CPLR 5701 [a] [2] [iv], [v]).
Supreme Court incorrectly precluded plaintiffs legal malpractice expert from testifying on the ground that the initial disclosure was insufficiently detailed. Defendants objected to the disclosure’s sufficiency for the first time in their omnibus motion in limine, presented to the court on the day trial was to begin. Any deficiency was cured by plaintiffs service of a more detailed supplemental disclosure four days later. Moreover, de *480 fendants were aware of the substance of the expert’s proposed testimony because plaintiff had previously submitted the expert’s affidavit in opposition to their motion for summary judgment. As Supreme Court found, defendants have not established that they were prejudiced by receipt of the expert disclosures four days after the 30-day minimum set by local rule, or that the delay was willful or intentional (see Ramsen A. v New York City Hous. Auth., 112 AD3d 439, 440 [1st Dept 2013]).
To establish causation in this legal malpractice action, plaintiff must show that his decedent would have prevailed in the underlying action but for the attorney defendants’ negligence (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]). In the underlying action, plaintiff’s decedent asserted causes of action for breach of the warranty of habitability against her cooperative apartment building and for private nuisance against her upstairs neighbors. Accordingly, at trial, to demonstrate the merit of the underlying claim of private nuisance, plaintiff should be permitted to prove, among other things, that his decedent’s neighbors intended to cause the nuisance (see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570-571 [1977]). The neighbors’ testimony is relevant to the issue of intent. Therefore, the court improperly precluded that testimony.
On a prior appeal, this Court affirmed the denial of defendants’ motion for summary judgment dismissing the legal malpractice cause of action (see 101 AD3d 447 [1st Dept 2012]). Accordingly, Supreme Court should not have precluded all evidence relating to plaintiffs claim that defendants improperly prosecuted the underlying action, since it essentially granted summary judgment dismissing that portion of the legal malpractice claim (see generally Rondout Elec. v Dover Union Free School Dist., 304 AD2d 808, 811 [2d Dept 2003]).
Supreme Court properly precluded evidence of damages incurred after the October 2004 settlement of the underlying action. Although plaintiff seeks compensatory damages for attorneys’ fees allegedly incurred in filing a post-settlement Housing Court action seeking relief he unsuccessfully sought in the underlying action, that action was dismissed on the merits.
Concur—Mazzarelli, J.E, Friedman, DeGrasse, Freedman and Kapnick, JJ.