■ AMES RAY, Appellant, v CHRISTINA RAY, Respondent. [995 NYS2d 567]—

Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered July 18, 2013 and July 22, 2013, which granted defendant's motion for sanctions based on the spoilation of evidence, unanimously reversed, on the law and the facts, without costs, and the motion denied. Orders, same court and Justice, entered July 19, 2013 and July 22, 2013, which denied plaintiff's motion to bar defendant from calling plaintiff's trial counsel as a witness, unanimously reversed, on the law and the facts, with costs, and the motion granted. Appeals from orders, same court and Justice, entered July 19, 2013 and July 22, 2013, which denied plaintiff's motion to exclude an expert report, unanimously dismissed, without costs.

Defendant's motion for sanctions for spoliation of evidence was made more than five years after the close of discovery, and thus after she requested such documents, through prior counsel, and raised no objections when they were not produced. Moreover, any allegedly spoliated files are of limited relevance to her defense, and there is other relevant documentary and testimonial evidence available to her (*see e.g. Gitlitz v Latham Process Corp.*, 258 AD2d 391, 391 [1st Dept 1999]; *Ortiz v Board of Educ. of City of N.Y.*, 26 AD3d 158 [1st Dept 2006]).

Plaintiff's trial counsel's testimony is not necessary to plaintiff's case. Counsel represented both parties in a prior lawsuit against a contractor for work on a house jointly owned by them, and plaintiff now alleges breach of contract based in part on defendant's failure to pay him for his half interest in that home pursuant to various agreements. The prior lawsuit is of limited, if any, relevance to the breach of contract claim. To the extent defendant seeks to demonstrate that plaintiff took contradictory positions regarding his interest in the home, she has already cited documents in support of her claim.

To the extent defendant argues that counsel was somehow a witness to, or an instrument of, plaintiff's infliction of duress on her, resulting in her execution of the agreements that form the basis of plaintiff's breach of contract claim, there is no evidence to support her claim. Moreover, given the late stage at which she seeks his testimony, and given the trial court's reversal of its earlier ruling that plaintiff's counsel could not testify, a ruling permitting him to testify would be highly prejudicial to plaintiff, who would likely be required to seek new counsel at this late stage in this 16-year litigation (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 443 [1987]; *see also Murray v Metropolitan Life Ins. Co.*, 583 F3d 173, 178 [2d Cir 2009]).

We note that the court's denial of plaintiff's motion to bar defendant from calling his counsel as a witness is reviewable, because the ruling affects a substantial right (*see* CPLR 5701 [a] [2] [v]; *Cooke v Laidlaw Adams & Peck*, 126 AD2d 453, 457 [1st Dept 1987]; *Kudelko v Dalessio*, 21 Misc 3d 135[A], 2008 NY Slip Op 52214[U] [App Term, 2d Dept 2008]). In contrast, the court's pretrial denial of plaintiff's motion to exclude an "expert report" on the issue of duress is not reviewable at this stage, because that ruling does not implicate any substantial rights or involve the merits of the controversy (*see Piorkowski v Hospital for Special Surgery*, 116 AD3d 560 [1st Dept 2014]; *Seward Park Hous. Corp. v Greater N.Y. Mut. Ins. Co.*, 70 AD3d 468 [1st Dept 2010]; *see* CPLR 5701 [a] [2] [iv], [v]). Concur—

Mazzarelli, J.P., Acosta, Saxe, Richter and Clark, JJ. 