National Union Fire Ins. Co. of Pittsburgh, PA v Razzouk (2020 NY Slip Op 08004)





National Union Fire Ins. Co. of Pittsburgh, PA v Razzouk


2020 NY Slip Op 08004


Decided on December 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 29, 2020

Before: Webber, J.P., Mazzarelli, Gesmer, Moulton, González, JJ. 


Index No. 653191/12 Appeal No. 12728N Case No. 2020-01401 

[*1]National Union Fire Insurance Company of Pittsburgh, PA, as Subrogee of Consolidated EDISON Company of New York, Inc., Plaintiff, Consolidated Edison Company of New York, Inc., Plaintiff-Respondent,
v
Sassine Razzouk, et al., Defendants, Rudell & Associates, Inc., et al., Defendants-Appellants.


The Howley Law Firm P.C., New York (John J.P. Howley of counsel), for appellants.
Scott A. Levinson, New York (Michael S. Davi of counsel), for respondent.



Appeal from order, Supreme Court, New York County (Margaret A. Chan, J.), entered December 13, 2019, which, to the extent appealed from, denied defendants-appellants' motion to preclude evidence of any alleged misrepresentations and/or breaches of contract not previously pled in the second amended complaint in support of the respective fraud and breach of contract causes of action, and held that plaintiffs could rely upon such evidence by amending their interrogatory answers in the future, unanimously dismissed, without costs, as taken from a nonappealable order.
"An evidentiary ruling made before trial is generally reviewable only in connection with an appeal from a judgment rendered after trial" (Seward Park Hous. Corp. v Greater N.Y. Mut. Ins. Co., 70 AD3d 468, 468 [1st Dept 2010]; see Deonarine v Montefiore Med. Ctr., 113 AD3d 496 [1st Dept 2014]). Here, defendants' motion to preclude, which was made to limit plaintiffs' allegations to those asserted in a second amended complaint, notwithstanding that outstanding discovery remained, including critical depositions, did not involve an evidentiary issue pertaining to the merits of the controversy or a substantial right to justify appellate review (see CPLR 5701[a][2][iv], [v]; Knafo v Mount Sinai Hosp., 184 AD3d 478 [1st Dept 2020]; Frankel v Vernon & Ginsburg, LLP, 118 AD3d 479 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2020